DAVID A. HUBBERT
Acting Assistant Attorney General

PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-1170
Paul.T.Butler@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
United States Attorney

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cv-689-JLR |
| Plaintiff, | **UNITED STATES' EX PARTE MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS ON JEFFREY POMERANTZ PURSUANT TO FED. R. CIV. PROC. 4(f)(3)** |
| v. | |
| JEFFREY P. POMERANTZ, | |
| Defendant. | NOTE ON MOTION CALENDAR: March 3, 2017 |

Pursuant to Fed. R. Civ. P. 4, the United States of America hereby moves this Court for an order authorizing alternative means of service of the summons and complaint in this matter upon Defendant Jeffrey Pomerantz. This request is supported by an affidavit of trial attorney Paul T. Butler and exhibits thereto.

**I.   INTRODUCTION**

Plaintiff United States of America ("United States") filed this action on May 13, 2016 to reduce to judgment and collect penalties assessed against Defendant Jeffrey P. Pomerantz ("Pomerantz") for willful failure to file required Treasury Forms TD F 90-22.1 ("FBAR") with respect to interests in foreign accounts for the years 2007-2009 in the amount of $860,300.35.

**II. BACKGROUND**

After commencement of this action the United States, concerned with the costs and

United States' Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

logistical challenges of locating and personally serving Defendant, sent on May 19, 2016 via Federal Express a Notice of Lawsuit and Request to Waive Service of Summons, a copy of the Complaint, and a pre-paid return Fed Ex envelope ("waiver package") to the Defendant at three separate addresses known to the United States to have been used by Defendant in his dealings with the United States Internal Revenue Service ("IRS").  Butler Decl. ¶ 7, Ex, F-H.

Based upon the results of Federal Express' attempts to deliver the waiver packages to Defendant, the United States confirmed that all three locations were mail service store locations. Two of the three waiver packages were successfully delivered.  The waiver package addressed to the domestic address was delivered to 250 H Street, #77, Blaine, WA 98230.  The waiver package addressed to the address contained on Defendant's United States Tax Court petition was delivered, but it was delivered, presumably at the direction of Defendant, to a different mail services business located at 207-1425 Marine Drive, North Vancouver, BC, Canada V7T 1B7. Butler Decl. ¶¶ 9-12, Exs. A, pg. 2, J, K.

In a telephone conversation with Defendant on August 2, 2016, Defendant confirmed to undersigned Counsel for the United States that he had received the waiver package, but he refused to consent to waive service, failed to provide a residence address, and failed to consent to service by e-mail.  Butler Decl. ¶ 15.

Counsel for the United States has attempted on at least six occasions to reach Hari Nesathurai, counsel who represented Defendant during the administrative process before the IRS that lead to the assessment of the penalties at issue in this case and who continues to represent Defendant in a United States Tax Court case involving tax and penalties for the same years at issue in this case, and had left messages requested a return call or e-mail regarding the Defendant.  Butler Decl. ¶¶ 16-17, Exs. M-N.  No response has been received..

Having established that Defendant received a copy of the Complaint and the reliability of delivery of communications to the Defendant via delivery to one or more of the store-front mailbox locations he has used in his prior dealings with the government, the United States seeks

United States' Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

an order pursuant to Fed. R. Civ. Proc. 4(f)(3) authorizing service by international or domestic (depending on the address) mail and courier to each of the following three addresses: 250 H Street, #77, Blaine, WA 98230; 207-1425 Marine Drive, North Vancouver, BC, CANADA V7T 1B7; and 189-1075 Marine Drive, North Vancouver, BC, CANADA V7P 3T6. Additionally, in order to create the greatest probability of actual receipt of the summons in this case, the United States seeks an order pursuant to Fed. R. Civ. Proc. 4(f)(3) authorizing service by international mail on Defendant's counsel in the pending United States Tax Court case who also filed a Power of Attorney with the IRS related to administrative process that lead to the FBAR penalties at issue in this case, Hari Nesathurai, whose primary office is located in Ontario, Canada.

### III. ARGUMENT

#### A. This Court can authorize service via e-mail, international mail, and international courier pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(f)(3) permits service in a place not within any judicial district of the United States by an alternative method of service when the service is (1) directed by the court, and (2) not prohibited by international agreement. *RioProperties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (authorizing e-mail service on Internet business entity defendant located in Costa Rica). Furthermore, as long as it is court-directed and not prohibited by international agreement, service of process under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country. *Id.*, *citing Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 459, fn. 4 (S.D. Fla. 1998). Rule 4 does not require that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Properties*, 284 F.3d at 1014-15.

Courts have authorized a wide variety of alternative methods of service including ordinary mail, mail to the defendant's last known address, and e-mail. *See Nanya Technology Corp. v. Fujitsu Ltd.*, 2007 WL 269087, slip. op., No. 06-00025 (D. Guam, Jan. 26, 2007)

United States' Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

(authorizing service by international mail requiring a signed receipt); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (authorizing service by ordinary mail); *Intl'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (authorizing service by mail to last known address); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service by e-mail); *Williams v. Advertising Sex LLC*, 231 F.R.D. 483 (N.D.W.V. 2005) (authorizing email service on defendants located in Australia); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004) (authorizing e-mail service on defendant located in Portugal).

In this case, international mail and international courier service are not prohibited by international agreement. Because Defendant's last known address as provided to the IRS is in Canada, the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") applies. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988).[1] Though it does not expressly authorize e-mail, international mail, or international courier service, the Hague Convention does not *prohibit* service by these means, and thus, is no bar to court-directed international mail, international courier, or e-mail service under Rule 4(f)(3). In fact, U.S. courts have routinely authorized international mail and e-mail service notwithstanding the applicability of the Hague Convention. *See, e.g., Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004) ("We join the Second Circuit in concluding that the Convention . . . does not prohibit service of process by international mail"); *Nanya Technology Corp.*, 2007 WL 269087 (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); *Popular Enterprises*, 225 F.R.D. at 562; *MPS IP Services Corp. v. Modis Communications, Inc.*, 2007

---

[1] Although the Hague Convention applies, service under the Convention is not possible here because Plaintiff cannot provide a residential address at which Pomerantz can be personally served.

United States' Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

WL 723841, No. 06-270 (M.D. Fla. March 6, 2007) (Hague Convention, to which Canada is a signatory, did not prohibit e-mail service upon Canadian defendants). Canada has filed no declarations under the Hague Convention expressly prohibiting service by e-mail, international mail, or international courier. Furthermore, e-mail, international mail, and international courier service is appropriate under the Hague Convention because the "Hague Convention together with Rule 4" places an emphasis on "actual notice, rather than strict formalism." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005).

Given the background of this case, there is no doubt that Defendant, by his own admission to undersigned counsel, has received notice of the filing of the Complaint in this action and that notice was delivered to mailbox service addresses used by Defendant. Service through these mailbox service locations is the most reliable way—if not only way—of providing the Defendant with the Summons issued in this matter directing him to file an answer or risk default judgment. Despite acknowledging receipt of the Complaint in this matter, Defendant has neither made an appearance nor filed any responsive pleading.

In contrast, the United States has already delivered the complaint, and other documents to Pomerantz via courier service to his mailbox addresses, requested that he waive service or accept service by e-mail, and attempted to arrange for service with Pomerantz' counsel for related matters pending in the United States Tax Court. All of these efforts as well as efforts to locate a residential address for Pomerantz have proved fruitless. Pomerantz continues to operate (and hold himself out as the principal of) a business that uses the phone number provided on his Petition to the United States Tax Court, the same business that advertises having its business office at the same mailbox location in Blaine, Washington to which the United States' request to waive service was successfully delivered. In the unlikely event that service of the summons and complaint to the three mailbox locations identified herein fail to provide Pomerantz with the Summons and an additional copy of the Complaint case, service upon the attorney who both currently represents Pomerantz in the United States Tax Court case involving related matters and

United States'Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

who provided a Power of Attorney to the IRS for the same matters at issue in this case will ensure notice to Pomerantz.

### B. E-mail, international mail, and international courier service is reasonable under the circumstances and comports with Due Process.

Even if permitted under FRCP 4(f)(3), alternative service must also comport with constitutional notions of due process. *Rio Properties*, 284 F.3d at 1016. To meet this requirement, the method of service must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* at 1016-17, *citing Mullane v. Cent.Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Ninth Circuit in *Rio* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Rio Properties*, 284 F.3d at 1017. The Court concluded "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]." *Id.* The Court reached this conclusion in part because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. Courts cannot be blind to changes and advances in technology. *Rio Properties*, 284 F.3d at 1017 (quotations omitted). Nor can they be blind to efforts of defendants to avoid service of process. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even if the door is steel and bolted shut. *Id.*

Here, Pomerantz has used a series of mailbox store addresses to conduct business and to interact with authorities. While the United States was able to deliver service documents to Pomerantz via Federal Express to his mailbox store addresses, all attempts to locate a current residential address have proved futile. Federal Express delivery to Pomerantz of the pendency of the lawsuit is sufficient under Due Process. *Rio Properties*, 284 F.3d at 1018.

United States' Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

## IV. CONCLUSION

For all of the reasons set forth above, the Court should issue an order authorizing service on Defendant Jeffrey Pomerantz via international (or domestic depending on the address) mail and courier (Federal Express), and via international mail and courier (Federal Express) directed to Hari Nesathurai.

DATED: March 3, 2017

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Paul T. Butler*            .
PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044

Of Counsel:

ANNETTE L. HAYES
U.S. Attorney

United States' Motion for Alternative Service of Process on Defendant
Case No. 2:16-cv-689-JLR

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170