EXHIBIT A

FILED
U.S. TAX COURT
ROBERT R. DITROLIO, CLERK

2015 OCT -2  AM 10: 55

BY: _____
DEPUTY CLERK

UNITED STATES TAX COURT
UNITED STATES TAX COURT
www.ustaxcourt.gov

2015 OCT -2  AM 10: 53

BY: _____
DEPUTY CLERK

| (FIRST) | (MIDDLE) | (LAST) |
|---|---|---|

**JEFFREY P. POMERANTZ**
**ELEONORE V. POMERANTZ**
(PLEASE TYPE OR PRINT)                    Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No.

**25058-15**

## PETITION

1. Please check the appropriate box(es) to show which IRS NOTICE(s) you dispute:

☑ Notice of Deficiency        ☐ Notice of Determination Concerning Your Request for Relief
                                    From Joint and Several Liability.  (If you requested relief from joint and
                                    several liability but the IRS has not made a determination, please see the
                                    Information for Persons Representing Themselves Before the U.S. Tax
                                    Court booklet or the Tax Court's Web site.)

☐ Notice of Determination
   Concerning Collection Action    ☐ Notice of Determination Concerning Worker Classification

2. Provide the date(s) the IRS issued the NOTICE(s) checked above and the city and State of the IRS office(s)
issuing the NOTICE(S):  JUNE 29, 2015 _____

3. Provide the year(s) of period(s) for which the NOTICE(S) was/were issued: _____ 2007, 2008 & 2009
4. SELECT ONE OF THE FOLLOWING:

   If you want your case conducted under small tax case procedures, check here:    ☐    (CHECK
   If you want your case conducted under regular tax case procedures, check here:  ☒    ONE BOX)

        NOTE:  A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer
        or the IRS.  If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

SEE ATTACHED SCHEDULE "A" _____

_____

_____

_____

_____

_____

_____

_____

_____

T.C. FORM 2 (REV. 5/11)

**SERVED Oct 14 2015**

6. State the facts upon which you rely  (please list each point separately):

SEE ATTACHED SCHEDULE "A"

_____

_____

_____

_____

_____

_____

_____

_____

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts.  Please do not submit tax forms, receipts, or other types of evidence with this petition.**

ENCLOSURES:  Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☒ A copy of the Determination or Notice the IRS issued to you

☒ Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)

☒ The Request for Place of Trial (Form 5)        ☒ The filing fee

PRIVACY NOTICE: Form 4 (Statement of Taxpayer Identification Number) will not be part of the Court's public files. All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will become part of the Court's public files.  To protect your privacy, you are strongly encouraged to omit or remove from this Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice Regarding Privacy and Public Access to Case Files", available at www.ustaxcourt.gov.

| | | |
|---|---|---|
| _signature_   September 28, 2015 | 604 | 926-2466 |
| SIGNATURE OF PETITIONER        DATE | (AREA CODE) TELEPHONE NO. | |

**Address Used By Court**

| | |
|---|---|
| 364-38109 Second Avenue | Squamish, B.C., Canada V8B 0T7 |
| MAILING ADDRESS | CITY, STATE, ZIP CODE |

State of legal residence (if different from the mailing address): _____

| | | |
|---|---|---|
| _signature_   September 28, 2015 | 604 | 926-2466 |
| SIGNATURE OF ADDITIONAL PETITIONER (e.g.,SPOUSE)   DATE | (AREA CODE) TELEPHONE NO. | |

| | |
|---|---|
| 364-38109 Second Avenue | Squamish, B.C., Canada V8B 0T7 |
| MAILING ADDRESS | CITY, STATE, ZIP CODE |

State of legal residence (if different from the mailing address): _____

**ADMITTED**

| | | |
|---|---|---|
| _signature_ | Hari Nesathurai | NH-0108 |
| SIGNATURE OF COUNSEL, IF RETAINED BY PETITIONER(S) | NAME OF COUNSEL | TAX COURT BAR NO. |

| | | |
|---|---|---|
| 901-360 Bay St., Toronto, Ontario, Canada M5H 2V6 | Sep/28/15 | 647   259-1750 |
| MAILING ADDRESS, CITY, STATE, ZIP CODE | DATE | (AREA CODE) TELEPHONE NO. |

**Schedule "A"**

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

1. The Petitioners Eleonore V. Pomerantz ("Eleonore") and Jeffrey P. Pomerantz ("Jeffrey") are a legally married couple
2. In or about August 2010 the Petitioners came under audit by the IRS.
3. Throughout the course of the audit the Petitioners have complied with numerous information requests from the IRS regarding the Petitioners income for the 2007, 2008 and 2009 tax years.
4. On or about October 8, 2010 the Petitioners provided the IRS with questionnaire responses, FBAR information and other supporting documents.
5. On or about August 8, 2011 the Petitioners provided the IRS with a summary of the Petitioners' residences from January 2011 to August 8, 2011.
6. On or about September 14, 2011, the Petitioners consented to an extension of time to assess tax for the 2007 taxation year to December 31, 2012 on the request of the IRS.
7. On or about September 27, 2011 the IRS requested information regarding the Petitioners from PayPal and Solomon Smith Barney.
8. On or about September 12, 2012 the Petitioners consented to an extension of time to assess tax for the 2007 and 2008 tax years to December 31, 2013 on the request of the IRS.
9. On or about October 5, 2012 the IRS requested further information and documents from the Petitioners including tax returns, bank records, loan details brokerage or securities accounts and details of business ownership.
10. On or about February 23, 2013 the IRS requested an FBAR examination for compliance of the Petitioners.
11. On or about March 4, 2013 the Petitioners consented to an extension of time to assess tax for the 2009 tax year to October 15, 2013 on the request of the IRS.
12. On or about March 14, 2013 the Petitioners requested an abeyance of the FBAR examination because the Petitioners were gathering information regarding Eleonore's residency which would vacate the audit with respect to her *ab initio.*
13. On or about March 22, 2013 the IRS consented to an extension of time and confirmed that they would be making a determination of Eleonore's residency status for Federal income tax purposes by contacting various Federal agencies and other Operating Divisions within the IRS to obtain information showing when and where Eleonore went between the U.S. and Canada.
14. The Petitioners endeavoured to comply with the IRS information requests and on or about April 4, 2013 provided tax returns, bank account statements, investment account statements and property purchase documents.
15. On or about October 18, 2013 the IRS again requested more documentation and information from the Petitioners.
16. On or about May 14, 2014 the Petitioners declined to consent to any further extensions of time to assess tax for the 2007, 2008 or 2009 tax years.
17. The current assessment is capricious and without merit.
18. Eleonore has not been involved in any of the audits of Jeffrey's by the IRS.
19. Eleonore is a citizen of Norway and Canada. Jeffrey is a citizen of the United States and Canada.
20. The Petitioners did not reside in the U.S. in 2007.
21. The Petitioners lived in both Canada and the U.S. periodically between 2008 and 2009.

22. The Petitioners resided in West Vancouver, Canada from January 2001 to July 2008. From August 2008 to May 2009 the Petitioners lived in Granite Bay, California and then moved to Truckee, California for the month of June 2009. Both the Petitioners moved back to North Vancouver, Canada in July 2009 until the present.

23. For the 2008 tax year, the Petitioners were physically present in the U.S. for 153 days.

24. For the 2009 tax year, the Petitioners were physically present in the U.S. for 181 days.

25. The assessment of tax payable by Eleonore ("Eleonore") is improper and without factual basis because Eleonore is not a U.S. citizen and earned no income in the U.S. during the years 2007, 2008 and 2009.

26. Jeffrey prepared the tax returns in error and should have filed married filing separately.

27. Eleonore should be removed as a party from the Notice of Deficiency.

28. The Petitioners did not commit fraud. Jeffrey prepared his own tax returns incorrectly to the best of his abilities.

29. The calculation of income attributable to dividend income from the Sal Oppenheim account is improper and incorrect.

30. The calculation of income attributable to wages for 2007 and 2009 is improper and incorrect.

31. The loss from money lending is substantiated and bona fide because Jeffrey lent funds to a business and realized a loss on the loan.

32. The calculation of income attributable to the sale of home furnishings is improper and incorrect because the Petitioners are able to verify the original cost of the furnishings.

33. The calculation of income attributable to the sale of 6051 Gleneagle Drive is improper and incorrect because the property was solely owned by Eleonore, who is not a U.S. citizen. At the time that the property was sold she was not a resident of the U.S. and not a U.S. taxpayer.

34. The calculation of income attributable to the cash sale of the Toyota is improper and incorrect because the Petitioners are able to verify the original cost of the vehicle.

35. The calculation of other income from PayPal Sales is improper and incorrect because these amounts were not income to the Petitioners.

36. The expenses attributable to Café Trafiq for advertising and business property rentals are substantiated and bona fide.

37. The calculation of income from Isaac Abadi Holdings is improper and incorrect because this amount likely relates to the return of a deposit for the purpose of property and therefore was not income to the Petitioners.

38. The calculation of gross receipts from Tofino Consulting is improper and incorrect because any tax payable should be based on net revenues actually received by the Petitioners.

39. The deductions for state and local general sales taxes are substantiated and bona fide.

40. The cost of goods sold for Café Trafiq are substantiated and bona fide.

41. The deductions for the employee expenses are substantiated and bona fide.

42. The deductions for medical and dental expenses are substantiated and bona fide.

43. The deductions for moving expenses are substantiated and bona fide.

44. The statutory itemized deductions are substantiated and bona fide.

45. The loss on the sale of the property at Dolomite Way is substantiated and bona fide because. The Petitioners utilized the property as a rental property and only resided there for one month.

46. The Petitioners were residents of Canada during the tax years in question and cannot be liable to double taxation and are entitled to relief under the U.S.-Canada Income Tax Act Convention.

47. Jeffrey was under audit by the IRS for a long period of time and all of the above facts were known to the IRS through lengthy information requests and conversations with the Petitioner, his accountants and attorneys.

48. These facts were disclosed to the IRS during the normal reassessment period and the IRS should not be permitted to circumvent the normal reassessment limitation period by alleging fraud.

49. Such other grounds as this court may allow or permit.

6. State the facts upon which you rely (please list each point separately):

1. Eleonore has not been involved in any of the audits by the IRS of Jeffrey.
2. Eleonore is a citizen of Norway and Canada. Jeffrey is a citizen of the United States and Canada.
3. The Petitioners did not reside in the U.S. in 2007.
4. The Petitioners did not reside in the U.S. in 2007.
5. The Petitioners lived in both Canada and the U.S. periodically between 2008 and 2009.
6. The Petitioners resided in West Vancouver, Canada from January 2001 to July 2008. From August 2008 to May 2009 the Petitioners lived in Granite Bay, California and then moved to Truckee, California for the month of June 2009. Both the Petitioners moved back to North Vancouver, Canada in July 2009 until the present.
7. For the 2008 tax year, the Petitioners were physically present in the U.S. for 153 days.
8. For the 2009 tax year, the Petitioners were physically present in the U.S. for 181 days.
9. Eleonore is not a U.S. citizen and earned no income in the U.S. during the years 2007, 2008 and 2009.
10. Jeffrey prepared the tax returns in error and should have filed married filing separately.
11. The Petitioners did not commit fraud. Jeffrey prepared his own tax returns incorrectly to the best of his abilities.
12. The Petitioners did not earn dividend income in the amounts stated in the Notice of Objection (the "Notice") from the Sal Oppenheim account.
13. The Petitioners did not earn wages in the amounts stated in the Notice.
14. The loss from money lending is substantiated and bona fide because Jeffrey lent funds to a business and realized a loss on the loan.
15. The Petitioners did not earn income from the sale of home furnishings in the amounts stated in the Notice because the cost base is greater than zero.
16. Funds from the sale of 6051 Gleneagle Drive are not subject to U.S. income tax because the property was solely owned by Eleonore, who is not a U.S. citizen. At the time that the property was sold she was not a resident of the U.S. and not a U.S. taxpayer.
17. The Petitioners did not earn income from the sale the Toyota in the amounts stated in the Notice because the cost base is greater than zero.
18. The Petitioners earned no income from PayPal during the tax years in question.
19. The expenses attributable to Café Trafiq for advertising and business property rentals are substantiated and bona fide.
20. Amounts received from Isaac Abadi Holdings were not income to the Petitioners because these amount likely relate to the return of a deposit for the purpose of property.
21. The Petitioners did not earn income from Tofino Consulting in the amounts stated in the Notice.
22. The deductions for state and local general sales taxes are substantiated and bona fide.
23. The cost of goods sold for Café Trafiq are substantiated and bona fide.

24. The deductions for the employee expenses are substantiated and bona fide.
25. The deductions for medical and dental expenses are substantiated and bona fide.
26. The deductions for moving expenses are substantiated and bona fide.
27. The statutory itemized deductions are substantiated and bona fide.
28. The loss on the sale of the property at Dolomite Way is substantiated and bona fide because. The Petitioners utilized the property as a rental property and only resided there for one month.
29. The Petitioners declared and paid taxes in Canada on income earned in the tax years 2007, 2008 and 2009.
30. Jeffrey was under audit by the IRS for a long period of time and all of the above facts were known to the IRS through lengthy information requests and conversations with the Petitioner, his accountants and attorneys.
31. These facts were disclosed to the IRS during the normal reassessment period.
32. Such other facts as the court may allow or permit.

EXHIBIT B



FINDS██████████ SSN

SSN

JEFFREY P POMERANTZ                    1948/███████
189-1075 MARINE DRIVE      V7P 3T6 NORTH VANCOUVER BC
CANADA                                                        20162705

SSN

JEFFREY P POMERANTZ        ███████ 1948/███████
189-1075 MARINE DRIVE      NORTH VANCOUVER BC V7P 3T6
CANADA                                                        20151205

JEFFREY P POMERANTZ    SSN ███████ 1948/███████
189-1075 MARINE DR         N VANCOUVER BC V7P
CANADA                                                        20124500

JEFFREY P POMERANTZ    SSN ███████ 1948/███████
189-1075 MARINE DRIVE      NORTH VANCOUVER BC V7P 3T6
CANADA                                                        20122700

JEFFREY P & ELEONORE V POMERANTZ SSN ███████ 1948/███████    ███████ SSN
5335 SEASIDE PL            WEST VAN BC V7W 3E2
CANADA                                                        20094300

              PAGE 001 OF 002        PGNUM 002

FINDSI ▮▮▮▮▮ *SSN*



```
JEFFREY P & ELEONORE V POMERANTZ         1948/▮▮▮   ▮▮▮▮▮
1407 CAMRIDGE ROAD                 WEST VANCOUVER BC
CANADA                                                        20084600

JEFFREY POMERANTZ & E VOGT POMERANT      1948/▮▮▮   ▮▮▮▮▮
6051 GLENEAGLES DR                 WEST VANCOUVER BRITISH COLUMBIA V7W
CANADA                                                        20034600

J POMERANTZ & E VOGT POMERANTZ           1948/▮▮▮   ▮▮▮▮▮
6051 GLENEAGLES DR                 WEST VANCOUVER BC V7W 1W1
CANADA                                                        20024400
```

```
        PAGE 002 OF 002          PGNUM 001
```

EXHIBIT C

Page: 1 Document Name: bsc$idrs

FINDSD [REDACTED] S.S.N.

```
                                        S.S.N.          D.O.B        S.S.N.
JEFFREY P & ELEONORE V POMERANTZ     [REDACTED]     1948/[REDACTED]  [REDACTED]
250 H STREET APT 77                  BLAINE                       WA  98230 20100700

JEFFREY P & ELEONORE VOGT POMERANTZ  [REDACTED]     1948/[REDACTED]  [REDACTED]
3948 S THIRD ST 322                  JACKSONVILLE                 FL  32250 20080300

JEFFREY P & ELEONORE VOGT POMERANTZ  [REDACTED]     1948/[REDACTED]  [REDACTED]
82 STONEWALL CIR                     W HARRISON                   NY  10601 20004600

JEFFREY P & ELEONORE VOGT POMERANTZ  [REDACTED]     1948/[REDACTED]  [REDACTED]
626 MARSH LANDING PKWY 214           JACKSONVILLE BEACH           FL  32250 19994200

JEFFREY P & ELEONORE VOGT POMERANTZ  [REDACTED]     1948/[REDACTED]  [REDACTED]
5239 EDMONDSON                       DALLAS                       TX  75209 19992600

JEFFREY P & ELEONORE VOGT POMERANTZ  [REDACTED]     1948/[REDACTED]  [REDACTED]
3601 TURTLE CREEK BLVD 306           DALLAS                       TX  75219 19963500
```

                PAGE 001 OF 001          PGNUM 001

# EXHIBIT D

# Application for Delivery of Mail Through Agent

See Privacy Act Statement on Reverse

| 1. Date |
| G-18-09 |

In consideration of delivery of my or our (firm) mail to the agent named below, the addressee and agent agree: (1) the addressee or the agent must not file a change of address order with the Postal Service upon termination of the agency relationship; (2) the transfer of mail to another address is the responsibility of the addressee and the agent; (3) all mail delivered to the agency under this authorization must be prepaid with new postage when redeposited in the mails; (4) upon request the agent must provide to the Postal Service all addresses to which the agency transfers mail; and (5) when any information required on this form changes or becomes obsolete, the addressee(s) must file a revised application with the Commercial Mail Receiving Agency (CMRA).

NOTE: The applicant must execute this form in duplicate in the presence of the agent, his or her authorized employee, or a notary public. The agent provides the original completed signed Form 1583 to the Postal Service and retains a duplicate completed signed copy at the CMRA business location. The CMRA copy of Form 1583 must at all times be available for examination by the postmaster (or designee) and the Postal Inspection Service. The addressee and the agent agree to comply with all applicable postal rules and regulations relative to delivery of mail through an agent. Failure to comply will subject the agency to withholding of mail from delivery until corrective action is taken.

This application may be subject to verification by the Postal Service to confirm that the applicant resides or conducts business at the home or business address listed in boxes 7 or 10, and that the identification listed in box 8 is valid.

**2. Name in Which Applicant's Mail Will Be Received for Delivery to Agent.** *(Complete a separate Form 1583 for EACH applicant. Spouses may complete and sign one Form 1583. Two items of valid identification apply to each spouse. Include dissimilar information for either spouse in appropriate box.)*

Jeffrey Pomerantz/Eleonore Pomerantz

**3. Address to Be Used for Delivery Including ZIP + 4**

PMB 77
250 H Street
Blaine Wa 98230

**4. Applicant Authorizes Delivery to and in Care of** *(Name, address, and ZIP Code of agent)*

Security Mail Services
250 H Street
Blaine Wa
98230

**5. This Authorization Is Extended to Include Restricted Delivery Mail for the Undersigned(s)**

**6. Name of Applicant**

Jeffrey Pomerantz

**7. Applicant Home Address** *(Number, street, city, state, and ZIP Code)*

5335 SEASIDE PLACE
WEST VANCOUVER, BC V7W 3E2

Telephone Number ( 916 ) 367 7966

**8. Two types of identification are required. One must contain a photograph of the addressee(s). Social Security cards, credit cards, and birth certificates are unacceptable as identification. The agent must write in identifying information. Subject to verification.**

(a) BC DC #

(b) Passport #

Acceptable identification includes: valid driver's license or state non-driver's identification card; armed forces, government, university or recognized corporate identification card; passport or alien registration card or certificate of naturalization; current lease, mortgage or Deed of Trust; voter or vehicle registration card; or a home or vehicle insurance policy. A photocopy of your identification may be retained by agent for verification.

**9. Name of Firm or Corporation**

DISTRIBUTOR CRIB / TOFINO SOFTW

**10. Business Address** *(Number, street, city, state and ZIP Code)*

Telephone Number (    )

**11. Kind of Business**

SOFTWARE

**12. If Applicant is a Firm, Name Each Member Whose Mail Is to Be Delivered.** *(All names listed must have verifiable identification. A guardian must list the names and ages of minors receiving mail at their delivery address.)*

ELEONORE POMERANTZ
CELESTE
TAMAR
ALIYA

**13. If a CORPORATION, Give Names and Addresses of Its Officers**

**14. If Business Name of The Address (Corporation or Trade Name) Has Been Registered, Give Name of County and State, and Date of Registration.**

Warning: The furnishing of false or misleading information on this form or omission of material information may result in criminal sanctions (including fines and imprisonment) and/or civil sanctions (including multiple damages and civil penalties). (18 U.S.C. 1001)

**15. Signature of Agent/Notary Public**

**16. Signature of Applicant (if firm or corporation, application must be signed by officer, show title)**

TOTAL P.002

EXHIBIT E

# FindThe**Company**

Learn everything about the organization you're researching.

‹   See All Companies and Organizations



Menu

Info       Corporate Data       Real Estate       Review

## Tofino Software

Blaine - Prepackaged Software Companies

⭐⭐⭐⭐⭐ Be the first to review

**Address:**
250 H St
Blaine, Washington 98230-4018
United States

Tofino Software is a small, fairly new software publisher in Blaine, Washington.
It opened in 2010 and now has an estimated $97,000 in yearly revenue and
approximately 2 employees.

| ≔ Find Another Company |   Get a business credit report |

⌄   General Information

   ✈ Share

## Company Information

| | |
|---|---|
| **Organization** ❶ | Tofino Software |
| **Industry** | **Prepackaged Software Companies** |
| **Office Address** | 250 H St |
| | Blaine, Washington 98230-4018 |
| | United States |
| | ◿ Get Directions |
| **County** ❶ | Whatcom |

## Contact Information

| | |
|---|---|
| **Website** | **+ Add the website for this Company** |

### Are you affiliated with this Company?

Claim this listing to improve your online presence.

Claim Now

~~Why?~~

## Help us improve this site:

### Who are you and what brings you to our site?

○ A professional researching a business competitor

○ A customer looking for company contact/product info

○ An individual seeking employment

○ A professional researching a business partner

○ An owner/employee of this business

○ An individual doing investment research

○ Other

Email (Optional)

Submit

## Employees

| Name | Title |
|---|---|
| Jeffrey Pomerantz | Principal |

**Other Companies in the Prepackaged Software Companies Industry in Washington**

EXHIBIT F

**Butler, Paul T. (TAX)**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Thursday, May 19, 2016 2:25 PM |
| **To:** | Butler, Paul T. (TAX) |
| **Subject:** | FedEx Shipment Notification |

# This shipment is scheduled to be sent on 05/19/2016.

## See "Preparing for Delivery" for helpful tips

## Tracking # 783145268039

Anticipated ship date:
**Thu, 5/19/2016**

Paul T. Butler, Esquire
USDOJ
WASHINGTON, DC 20001
US



Initiated

Scheduled delivery:
**Tue, 5/24/2016 by 8:00 pm**

**Jeffrey P. Pomerantz**
189-1075 Marine Dr. North
Vancouver, B.C.
NORTH VANCOUVER, BC
V7P3T6
CA

## Shipment Facts

| | |
|---|---|
| Tracking number: | <u>783145268039</u> |
| Service type: | FedEx International Economy |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | No Signature Required |
| | Deliver Weekday |
| | Residential Delivery |
| Associated return tracking number(s): | 795150055058 |

## Preparing for Delivery

To help ensure successful delivery of your shipment, please review the below.

1

Won't be in?

You may be able to hold your delivery at a convenient FedEx World
Service Center or FedEx Office location for pick up. Track your
shipment to determine Hold at FedEx location availability.

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at
approximately 1:24 PM CDT on 05/19/2016.

To learn more about FedEx Express, please go to **fedex.com**.

All weights are estimated.

The shipment is scheduled for delivery on or before the scheduled delivery displayed above. FedEx does not determine money-
back guarantee or delay claim requests based on the scheduled delivery. Please see the FedEx Service Guide for terms and
conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx customer support representative.

To track the latest status of your shipment, click on the tracking number above, or go to **fedex.com**.

This tracking update has been sent to you by FedEx at your request. FedEx does not validate the authenticity of the requester
and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this
tracking update. For tracking results and terms of use, go to **fedex.com**.

Thank you for your business.

AO 398 (Rev. 01 09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:16-cv-00689-JLR |
| Jeffrey P. Pomerantz | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   Jeffrey P. Pomerantz
    *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   60   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   05/19/2016

                                                  *Signature of the attorney or unrepresented party*

                                              Paul T. Butler
                                                *Printed name*

                                 US Dept of Justice, Tax Division
                                               P.O. Box 683
                                           Washington, DC 20044
                                               *Address*

                                 paul.t.butler@usdoj.gov
                                               *E-mail address*

                                       202-514-1170
                                               *Telephone number*

AO 399 (01 09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:16-cv-00689-JLR |
| Jeffrey P. Pomerantz | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Paul T. Butler

*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/19/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01 09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:16-cv-00689-JLR |
| Jeffrey P. Pomerantz | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Paul T. Butler

  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from          05/19/2016          , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____

*Printed name of party waiving service of summons*

_____

*Signature of the attorney or unrepresented party*

_____

*Printed name*

_____

*Address*

_____

*E-mail address*

_____

*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

1  CAROLINE D. CIRAOLO
   Acting Assistant Attorney General

2

3  PAUL T. BUTLER
   Trial Attorney. Tax Division
   U.S. Department of Justice

4  P.O. Box 683
   Washington. D.C. 20044

5  202-514-1170 (v)
   202-307-0054 (f)

6  Paul.T.Butler@usdoj.gov

7  Of Counsel:
   ANNETTE L. HAYES

8  United States Attorney

9

10                    IN THE UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
11                             SEATTLE DIVISION

12
   UNITED STATES OF AMERICA.          )
13                                     )        Case No. 2:16-cv-689
           Plaintiff.                  )
14                                     )        **COMPLAINT**
           v.                          )
15                                     )
   JEFFREY P. POMERANTZ.               )
16                                     )
           Defendant.                  )
17  _____ )

18

19        The plaintiff United States of America, with the authorization of the Secretary of the

20  Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the

21  United States, brings this action to collect from the defendant outstanding civil penalties (31

22  U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were assessed against Jeffrey

23  P. Pomerantz, for his failure to timely report his financial interest in, and/or his signatory or other

Complaint                                    1                    U.S. DEPARTMENT OF JUSTICE
(Case No 2 16-cv-689 )                                            Tax Division, Western Region
                                                                 P.O. Box 683
                                                                 Washington, D.C. 20044
                                                                 Telephone 202-514-1170

1    authority over, foreign bank accounts for the 2007, 2008, and 2009 calendar years, as required by

2    31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and

3    interest, having a total balance due to the United States of America of $860,300.35 as of the date

4    of this Complaint. In support of this action, the United States alleges as follows:

5

6                                    **Jurisdiction and Venue**

7    1.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).

8    2.      At all times relevant to the matters at issue, Defendant Jeffrey P. Pomerantz

9            ("Pomerantz") was a United States citizen and remains a United States citizen.

10   3.      Pomerantz is currently a resident of Vancouver, British Columbia, Canada.

11   4.      Venue is proper under 28 U.S.C. § 1391.

12

13                 **Background Regarding Foreign Bank Accounts of Jeffrey P. Pomerantz**

14   5.      Pomerantz has had a longstanding banking relationship with Canada Imperial

15           Bank of Commerce ("CIBC"), with at least two personal checking accounts, with

16           account numbers ending in 735 and 439, that were opened prior to January 1,

17           2001 and were still active and open for all years at issue in this case ("CIBC

18           Accounts").

19   6.      In 2003, Pomerantz formed a corporation in the Turks and Caicos Islands named

20           Chafford Limited and retained full powers to exercise any and all rights to act on

21           behalf of the entity including all banking and investment authority.

22   7.      Upon information and belief, Chafford Limited conducted no active business, but

23           was a shell entity used to hold and manage Pomerantz' personal investments.

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone 202-514-1170

8.    In 2003. Pomerantz opened two accounts with Sal Oppenheim JR & CIE (Schweiz) AG (Switzerland). with account numbers ending in 5000 and 5100. titled "Chafford Ltd. Grand Turk" ("Grand Turk Oppenheim Accounts").

9.    In 2003 Pomerantz opened one account with Sal Oppenheim JR & CIE (Schweiz) AG (Switzerland). with an account number ending in 20000. titled "Chafford Ltd./Portfolio Management" ("2003 Oppenheim Portfolio Account").

10.   In 2007 Pomerantz opened two additional accounts with Sal Oppenheim JR & CIE (Schweiz) AG (Switzerland), with account numbers ending in 23000 and 25000, titled "Chafford Ltd./Portfolio Management" ("2007 Oppenheim Portfolio Accounts").

11.   During each of the years at issue in this case, Pomerantz was the attorney in fact for Chafford Limited, had a financial interest in. and/or had signatory or other authority over the accounts at Sal Oppenheim identified in paragraphs 8 through 10, above.

12.   Prior to or during 2007. Pomerantz established an account with the Royal Bank of Canada ("RBC") in the name of Tofino Software ("RBC Tofino Account).

13.   During each of the years at issue, Pomerantz was the President, Chief Executive Officer, and owner of 100% of the shares of Tofino Software with signatory authority over the Tofino Software account at RBC.

14.   The Internal Revenue Service ("IRS") commenced an income tax examination of Pomerantz in January 2010.

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C  20044
Telephone  202-514-1170

15. Prior to the commencement of the income tax examination, Pomerantz did not file a Treasury Form TD F 90-22.1 ("FBAR") for calendar year 2007, 2008 or 2009 to disclose the existence of any foreign accounts.

**Claim for Relief: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty for 2007*

16. During the 2007 calendar year, Pomerantz was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

17. During calendar year 2007, Pomerantz had a financial interest in, and/or signatory or other authority over, the CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts, within the meaning of 31 C.F.R. § 103.24.

18. The CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts were all bank accounts in a foreign country.

19. During the 2007 calendar year, the balance in each of the CIBC Accounts, the Grand Turk Oppenheim Accounts, and the 2007 Oppenheim Account ending in 25000, exceeded $10,000.00.

20. Pomerantz failed to file an FBAR with regard to the 2007 calendar year on or before June 30, 2008, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

Complaint
(Case No 2:16-cv-689 )

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P O Box 683
Washington, D C  20044
Telephone  202-514-1170

21. Pomerantz was aware of his obligation to file an FBAR report for 2007 each of the foreign accounts noted above.

22. Pomerantz failed to report income deposited into, and/or received from, the foreign accounts identified in paragraph 19, above, on the 2007 income tax return he filed with the IRS.

23. The failure of Pomerantz to timely file the FBAR with regard to the 2007 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty for 2007*

24. On May 16, 2014, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Pomerantz to timely file the 2007 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Pomerantz, in the amount of \$400,000.00, due to the willful failure of Pomerantz to disclose the CIBC Accounts, the Grand Turk Oppenheim Accounts, and the 2007 Oppenheim Portfolio Account with an account number ending in 25000 ("FBAR Penalty").

25. A delegate of the Secretary of the Treasury sent Pomerantz notice of the assessment of the 2007 FBAR Penalty and demand for payment.

26. In addition to the assessed FBAR Penalty, Pomerantz owes a late-payment penalty for 2007 pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) in the amount of \$46,055.14, as of the date of this Complaint.

27. In addition to the FBAR Penalty and the late-payment penalty for 2007 described in the previous paragraph, the defendants owe accrued interest for 2007 in the amount of \$8,032.88 as of the date of this Complaint.

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O Box 683
Washington, D C 20044
Telephone 202-514-1170

28.   Pomerantz is liable to the United States of America for the 2007 FBAR Penalty,
as well as associated penalties and interest, in the total amount of $454,088.02 as
of the date of this Compalint, plus statutory accruals from that date until the
liability is paid in full.

29.   This civil action to collect the FBAR Penalty, and the associated penalties and
interest, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two
years of the date on which the penalty was assessed, May 16, 2014.

*Liability for the Civil Penalty for 2008*

30.   During the 2008 calendar year, Pomerantz was a United States citizen, resided
within the United States, or was otherwise subject to the jurisdiction of the United
States within the meaning of 31 C.F.R. § 103.24.

31.   During calendar year 2008, Pomerantz had a financial interest in, and/or signatory
or other authority over, the CIBC Accounts, the Grand Turk Oppenheim
Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim
Portfolio Accounts, within the meaning of 31 C.F.R. § 103.24.

32.   The CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim
Portfolio Account, and the 2007 Oppenheim Portfolio Accounts were all bank
accounts in a foreign country.

33.   During the 2008 calendar year, the balance in each of the CIBC Accounts, the
Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and
the 2007 Oppenheim Accounts exceeded $10,000.00.

Complaint
(Case No. 2 16-cv-689 )

6

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P O Box 683
Washington, D C  20044
Telephone  202-514-1170

34. Pomerantz failed to file an FBAR with regard to the 2008 calendar year on or before June 30, 2009, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

35. Pomerantz was aware of his obligation to file an FBAR report for 2008 for each of the foreign accounts noted above.

36. Pomerantz failed to report income deposited into, and/or received from, the foreign accounts identified in paragraph 33, above, on the 2008 income tax return he filed with the IRS.

37. The failure of Pomerantz to timely file the FBAR with regard to the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Liability for the Civil Penalty for 2009*

38. During the 2009 calendar year, Pomerantz was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

39. During calendar year 2009, Pomerantz had a financial interest in, and/or signatory or other authority over, the CIBC Accounts and the Grand Turk Oppenheim Accounts, within the meaning of 31 C.F.R. § 103.24.

40. The CIBC Accounts and the Grand Turk Oppenheim Accounts were all bank accounts in a foreign country.

41. During the 2009 calendar year, the balance in each of the CIBC Accounts and the Grand Turk Oppenheim Accounts exceeded $10,000.00.

42. Pomerantz failed to file an FBAR with regard to the 2009 calendar year on or before June 30, 2010, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

Complaint
(Case No. 2:16-cv-689 )

7

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

43.    Pomerantz was aware of his obligation to file an FBAR report for 2009 for each of the foreign accounts noted above.

44.    Pomerantz failed to report income deposited into, and/or received from, the foreign accounts identified in paragraph 41, above. on the 2009 income tax return he filed with the IRS.

45.    The failure of Pomerantz to timely file the FBAR with regard to the 2009 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty for 2008 and 2009*

46.    On March 11, 2015. in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Pomerantz to timely file the 2008 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Pomerantz, in the amount of $225,000.00, due to the willful failure of Pomerantz to disclose the CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts ("FBAR Penalty").

47.    A delegate of the Secretary of the Treasury sent Pomerantz notice of the assessment of the 2008 FBAR Penalty and a demand for payment.

48.    On March 11, 2015, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Pomerantz to timely file the 2009 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Pomerantz, in the amount of $150,000.00, due to the willful failure of Pomerantz to disclose the CIBC Accounts and the Grand Turk Oppenheim Accounts ("FBAR Penalty").

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C  20044
Telephone 202-514-1170

49.    A delegate of the Secretary of the Treasury sent Pomerantz notice of the assessment of the 2009 FBAR Penalty and a demand for payment.

50.    In addition to the FBAR Penalty, Pomerantz, owes a late-payment penalty for 2008 and 2009 pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) in the amount of $26,753.43, as of the date of this Complaint.

51.    In addition to the FBAR Penalty and the late-payment penalty for 2008 and 2009 described in the previous paragraph, the defendants owe accrued interest for 2008 and 2009 in the amount of $4,458.90 as of the date of this Complaint.

52.    The defendants are liable to the United States of America for the 2008 and 2009 FBAR Penalties, as well as associated penalties and interest, in the total amount of $406,212.33 as of the date of this Complaint, plus statutory accruals from that date until the liability is paid in full.

53.    This civil action to collect the 2008 and 2009 FBAR Penalty, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of the date on which the penalty was assessed, March 11, 2015.

WHEREFORE, the plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States of America and against the defendant, for the FBAR Penalty assessed against Jeffrey P. Pomerantz with regard to the 2007, 2008, and 2009 reporting periods, as well as associated penalties and interest, in the total amount of $860,300.35 as of the date of this Complaint, plus statutory accruals from that date until fully paid; and,

Complaint
(Case No. 2:16-cv-689)

9

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

1   (b) Award the United States of America its costs, and such further relief as the Court

2   deems just and proper.

3

4   Dated:   May 13, 2016

Respectfully submitted,

5
CAROLINE D. CIRAOLO
Acting Assistant Attorney General
6

7

8   /s/ Paul T. Butler
PAUL T. BUTLER
Trial Attorney, Tax Division
9   U.S. Department of Justice
P.O. Box 683
10   Washington, D.C.  20044
202-514-1170 (v)
11   202-307-0054 (f)
Paul.T.Butler@usdoj.gov
12
Of Counsel:
13   ANNETTE L. HAYES
United States Attorney
14

15

16

17

18

19

20

21

22

23

Complaint
(Case No. 2:16-cv-689)

10

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone  202-514-1170