UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br><br>JEFFREY P. POMERANTZ,<br><br>                      Defendant. | CASE NO. 16-0689JLR<br><br>ORDER GRANTING EX PARTE MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS |

## I.    INTRODUCTION

Before the court is Plaintiff United States of America's ("the Government") motion to authorize alternative service of process on Defendant Jeffrey P. Pomerantz pursuant to Federal Rule of Civil Procedure 4(f)(3). (Mot. (Dkt. # 5).) The court has considered the motion, all submissions filed in support thereof, the balance of the record, and the applicable law. Being fully advised, the court GRANTS the Government's motion to authorize alternative service.

//

ORDER - 1

## II. BACKGROUND

On May 13, 2016, the Government filed an action to reduce to judgment and collect penalties assessed against Mr. Pomerantz for failure to file required treasury forms with respect to interests in foreign accounts. (*See generally* Compl. (Dkt. # 1).) The Government alleges that from 2007 to 2009, Mr. Pomerantz failed to report interests in foreign accounts in the amount of $860,300.35. (*Id.* at 2.)

After it commenced this lawsuit, the Government encountered logistical challenges in locating and personally serving Mr. Pomerantz. (Mot. at 2.) Although Mr. Pomerantz is a United States citizen, he is currently a resident of Vancouver, British Columbia, Canada. (Compl. ¶¶ 3-4.) On May 19, 2016, the Government sent a notice of lawsuit and request to waive service of summons, a copy of the complaint, and a pre-paid return FedEx envelope via FedEx ("waiver package") to Mr. Pomerantz at three separate addresses that Mr. Pomerantz had provided to the Internal Revenue Service ("IRS"). (Butler Decl. (Dkt. # 6) ¶ 7, Exs. E-F.) These three addresses were for mail service store locations, not residences. (*Id.* ¶¶ 4-14.)

The first of these addresses was 250 H Street, Apt. 77, Blaine, WA 98230 ("H Street"). (*Id.* ¶ 6.) Although H Street was the most recently listed domestic address on Mr. Pomerantz's filings with the IRS, the owner of the business located at H Street informed the IRS that the address was for a mail services store and confirmed that Mr. Pomerantz was still using the H Street address as of April 2016. (*Id.*) FedEx delivered the Government's waiver package to H Street on May 20, 2016. (*Id.* ¶ 8.)

//

Mr. Pomerantz used the second address, 364-38109 Second Avenue, Squamish, British Columbia, Canada V8B 0T7 ("Second Avenue"), on a petition he filed in the United States Tax Court. (*Id.* ¶ 5.) This address was for a United Parcel Service ("UPS") store at which Mr. Pomerantz no longer maintained a mailbox. (*Id.* ¶ 9.) The UPS store contacted Mr. Pomerantz and forwarded the Government's waiver package to another mail service store located at 207-1425 Marine Drive, North Vancouver, British Columbia, Canada V7T 1B7 ("1425 Marine Drive"). (*Id.* ¶ 12.)

Mr. Pomerantz used the third address, 189-1075 Marine Drive, North Vancouver, British Columbia, Canada V7P 3T6 ("1075 Marine Drive"), on his most recent IRS filings. (*Id.* ¶ 4.) The waiver package sent to 1075 Marine Drive could not be delivered because the address was for a UPS store that had closed and left no forwarding information. (*Id.* ¶ 13.)

Following these deliveries, Paul Butler, the Government trial attorney assigned to Mr. Pomerantz's case (*id.* ¶¶ 1-3), called Mr. Pomerantz at the phone number Mr. Pomerantz listed on a filing with the United States Tax Court (*id.* ¶ 15). Mr. Pomerantz answered and told Mr. Butler that Mr. Pomerantz had no ability to pursue this action, would not waive service, and would not accept service of process by email. (*Id.* ¶ 15.) Mr. Pomerantz confirmed that he had received the Government's waiver package, but he refused to provide Mr. Butler a residential address. (*Id.*)

Mr. Butler then attempted to call Mr. Pomerantz's attorney, Hari Nesathurai. (*Id.* ¶¶ 16-17.) Mr. Nesathurai represents Mr. Pomerantz in a pending action in the United States Tax Court and represented Mr. Pomerantz during the administrative process that

preceded this action. (*Id.*; *see also* Compl. ¶¶ 25, 46-53.) Mr. Nesathurai filed a power of attorney form with the IRS in order to represent Mr. Pomerantz. (Butler Decl. ¶¶ 16-17.) Mr. Nesathurai's office is located at Suite 901, 360 Bay Street, Ontario, Canada M5H 2V6. (*Id.*, Ex. M. at 1.)

Mr. Butler left voicemail messages and messages with receptionists for Mr. Nesathurai on six occasions between August 3, 2016, and January 27, 2017. (*Id.* ¶¶ 16-17.) Mr. Butler left either his phone number, email address, or both with each message. (*Id.*) Mr. Nesathurai has not responded to any of Mr. Butler's messages. (*Id.*)

Mr. Butler has been unable to independently find a residential address for Mr. Pomerantz. (*Id.* ¶ 18.) He conducted six extensive internet searches and directed research librarians to conduct three additional internet searches, none of which have yielded a residential address for Mr. Pomerantz. (*Id.*)

### III. ANALYSIS

The Government seeks an order authorizing service by international or domestic mail and courier to Mr. Pomerantz's addresses at H Street, 1425 Marine Drive, and 1075 Marine Drive. (Mot. at 3.) The Government additionally seeks an order authorizing service by international mail on Mr. Nesathurai, whose primary office is located in Ontario, Canada. (*Id.*) The Government argues that authorization of service via international mail and international courier is appropriate pursuant to Federal Rule of Civil Procedure 4(f)(3) and comports with due process. (*Id.* at 3, 6.)

//

//

**A. Service Under Federal Rule of Civil Procedure 4(f)(3)**

Federal Rule of Civil Procedure 4(f) outlines the acceptable methods for serving an individual in a foreign country. *See* Fed. R. Civ. P. 4(f). Rule 4(f)(3) allows an individual in a foreign country to be served "at a place not within any judicial district of the United States" by a method not listed in Rule 4(f)(1)-(2) if the method is "not prohibited by international agreement, as the court orders."[1] Fed. R. Civ. P. 4(f)(3). Thus, proper service of process through Federal Rule of Civil Procedure 4(f)(3) must be (1) directed by the court and (2) not prohibited by international agreement. *See id.*; *RioProperties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).

Rule 4(f)(3) does not impose any other limitations. *Rio*, 284 F.3d at 1014 (citing Fed. R. Civ. P. 4(f)(3)). "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.*

---

[1] Federal Rule of Civil Procedure 4(f)(1) allows service of process of a foreign defendant "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Federal Rule of Civil Procedure 4(f)(2) allows service of process on a foreign defendant "if there is no internationally agreed means," by a method that is reasonably calculated to give notice as prescribed by the foreign country's law for service; directed by a foreign authority; or, unless prohibited by the country's law, by delivering the summons and complaint to the defendant personally or using any form of mail that the clerk addresses and sends, requiring a signed receipt. Fed. R. Civ. P. 4(f)(2). Service of process under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief,'" but rather "one means among several which enables service of process on an international defendant." *RioProperties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . . Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.* at 1015. The court thus need not consider the applicability of Rules 4(f)(1)-(2).

at 1016 (citing *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (authorizing service of process by publication); *Smith v. Islamic Emirate*, Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 WL 1658211, at *2-3 (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (allowing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *Forum Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22 (D. Me. 2001) (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email)).

When a defendant is located within a country that is a signatory of the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"), the method of service on the defendant must not be prohibited by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(3). The Hague Convention provides that member countries shall have a central authority to receive requests for service of process arriving from other member countries. Nov. 15, 1965 (Hague Convention), [1969] 20 U.S.T. 361 at art. 2. The central authority then serves the defendant or arranges service by an appropriate agency, either (1) by a method prescribed by the country's internal law, or (2) by a method requested by the applicant, unless that method is incompatible with the country's law. *Id.* at art. 5. The Hague Convention, however, contains an explicit exemption where the address of the foreign defendant is

unknown: "This Convention shall not apply where the address of the person to be served with the document is not known." *Id.* at art. 1. The Hague Convention does not prohibit service of process through international mail or international courier service, *see id.* at art. 10, and the Ninth Circuit has concluded that the Hague Convention does not prohibit service of process by international mail so long as the relevant member country does not object to that method of service, *see Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004) ("[W]e join the Second Circuit in holding that the Hague Convention allows service of process by international mail.").

Mr. Pomerantz's last known address is in Canada (Butler Decl. ¶¶ 5-15) and Canada is a signatory of the Hague Convention, *see* Hague Convention. Canada has not objected to the provision of the Hague Convention that allows service of process via international mail. *See id.* ("Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ."); *Table Reflecting Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the Hague Service Convention*, Hague Conference on Private International Law (Dec. 2015), https://assets.hcch.net/docs/6365f76b-22b3-4bac-82ea-395bf75b2254.pdf (stating that Canada has not objected to Article 10 of the Hague Convention). In addition, Mr. Pomerantz refuses to provide a residential address at which he can be personally served by the central authority of Canada. (Butler Decl. ¶ 15.) The court thus finds that service of process through international mail and

//

//

courier pursuant to Federal Rule of Civil Procedure 4(f)(3) for Mr. Pomerantz in Canada is proper.[2]

### B. Reasonableness of the Government's Requested Methods of Service

Even where a method of service of process is proper under Federal Rule of Civil Procedure 4(f)(3), the method "must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016 (citing *Mullane v. Cent. Hanover Bank Tr. Co.*, 339 U.S. 306, 314 (1950)). To comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

In *Jenkins v. Pooke*, the court authorized alternative service under Federal Rule of Civil Procedure 4(f)(3) via international mail and international courier. No. C 07-03112 JSW, 2009 WL 412987 (N.D. Cal. Feb. 17, 2009). The court reasoned that the plaintiffs had been able to deliver service documents via international courier through FedEx to the defendant's listed contact address, the address was valid, and thus mailing to that address was likely to provide the defendant with notice. *Id.* at *2.

Similarly, at least one federal court has authorized service of process through a defendant's attorney. *Forum Fin. Grp.*, 199 F.R.D. at 24-25. In *Forum Financial Group*, the court authorized service on the defendant's attorney because the defendant had

---

[2] The Government argues that the court may order alternative service via email, but it does not actually request that form of relief. (*See generally* Mot.) If the Government seeks authorization of service of process by email, it may so move, but the Government has not provided sufficient information about whether service via email is reasonably calculated to serve Mr. Pomerantz notice. *See infra* § III.B.

evaded service in Russia and the defendant's attorney had accepted service on the defendant's behalf in a related case. *Id.* The court found that such service was "likely to fulfill the due process requirement of being reasonably calculated to give [the defendant] notice of the case and an opportunity to be heard." *Id.*

Mr. Pomerantz has acknowledged that he received at least one of the waiver packages mailed to H Street and 1425 Marine Drive, but he has refused to provide his residential address. (Butler Decl. ¶ 15.) The court thus finds that service of process through international mail and courier to H Street and 1425 Marine Drive is reasonably calculated to apprise Mr. Pomerantz of the pendency of this action and will afford him an opportunity to present his objections. *See Rio*, 284 F.3d at 1016. The court does not, however, authorize service of process to 1075 Marine Drive. The waiver package sent to 1075 Marine Drive could not be delivered, and the court thus finds that service of process mailed to this address would not be reasonably calculated to give Mr. Pomerantz notice. (Butler Decl. ¶ 13.)

Furthermore, because Mr. Nesathurai represents Mr. Pomerantz in his action pending in the United States Tax Court, represented Mr. Pomerantz during the administrative process that preceded this action, and filed power of attorney form with the IRS in order to represent Mr. Pomerantz (Butler Decl. ¶¶ 16-17), the court finds that service of process by international mail on Mr. Nesathurai also comports with due process. Similar to *Forum Financial Group*, Mr. Pomerantz has declined to respond to the waiver packages he has received (*id.* ¶ 15), and Mr. Nesathurai has previously represented and is currently representing Mr. Pomerantz in similar matters (*id.* ¶¶ 16-17).

The court thus authorizes service of process by international mail and courier to Mr. Nesathurai's office in addition to service of process mailed to H Street and 1425 Marine Drive to ensure Mr. Pomerantz receives service of process.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the Government's motion to authorize alternative service of process on Mr. Pomerantz (Dkt. # 5). It is hereby ORDERED:

1. In lieu of personally serving Jeffrey P. Pomerantz, the Government is authorized to serve him by alternate means as described more fully herein;

2. No later than thirty (30) days of the entry of this order, the Government shall send to Jeffrey P. Pomerantz both via regular mail service to H Street, international mail service to 1425 Marine Drive, and Federal Express courier service a copy of this order, the summons issued to Mr. Pomerantz, and a copy of the complaint filed in this action to the following addresses:

   i. Jeffrey P. Pomerantz
   250 H Street, Apt. 77
   Blaine, Washington 98230

   ii. Jeffrey P. Pomerantz
   207-1425 Marine Drive
   North Vancouver, B.C.
   CANADA V7T 1B7

3. No later than thirty (30) days of the entry of this order, the Government shall send both via international mail and courier a copy of this order, the summons

issued to Jeffrey P. Pomerantz, and a copy of the complaint filed in this action to:

    i.    Hari Nesathurai
           360 Bay Street, Suite 901
           Toronto, Ontario
           CANADA M5H 2V6

4. No later than sixty (60) days from the entry of this order, the Government shall advise the court if any package sent to any of the above-ordered addresses have been returned without being delivered.

Dated this 17th day of March, 2017.

JAMES L. ROBART
United States District Judge