DAVID A. HUBBERT
Acting Assistant Attorney General

PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-1170
Paul.T.Butler@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
United States Attorney

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY P. POMERANTZ,<br><br>    Defendant. | Case No. 2:16-cv-689-JLR<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT AND/OR MOTION TO TRANSFER VENUE**<br><br>NOTE ON MOTION CALENDAR:<br>April 28, 2017 |

Plaintiff, the United States of America, in accordance with Fed. R. Civ. Pro. 6 and 7, and LCR 7, hereby opposes Defendant's Motion to Dismiss the Complaint and/or Transfer Venue (Dkt. No. 9).

## **BACKGROUND**

This is an action by the United States to collect from Defendant outstanding civil penalties imposed against Defendant pursuant to 31 U.S.C. § 5321(a)(5) for his willful violation of 31 U.S.C. § 5314 and the regulations promulgated thereunder which required him to file reports of his financial interest in, and/or his signatory or other authority over, foreign bank accounts for the calendar years 2007, 2008, and 2009. Defendant is a citizen of the United States residing in Canada who willfully failed to report his financial interest in, and/or his signatory or other authority over, several foreign bank accounts for the years at issue. Defendant also failed

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

to report income deposited into and/or income generated by the foreign accounts on the returns he filed with the IRS for the years at issue.

**ARGUMENT**

I. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(3) is wholly without Merit.

Defendant has requested that the Court dismiss the Complaint in this matter for improper venue, incorrectly stating that the United States alleged venue was proper pursuant to 28 U.S.C. § 1391(b)(2). (Dkt. No. 9 at p.3). The complaint alleged that venue was proper pursuant to 28 U.S.C. § 1391 generally. (Dkt. No. 1 at p.2). Defendant's motion goes on to correctly acknowledge and admit that venue would have been proper in any judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States. (Dkt. No. 9 at p.3). The United States properly plead the two requirements for venue under 28 U.S.C. § 1391(c)(3) in the Complaint at ¶¶ 2-3. Venue is therefore proper in this Court, just as it would have been in any other judicial district in which the United States may have chosen to file the Complaint.

II. The Complaint Filed in this Matter Alleges Facts Well in Excess of Those Necessary to State a Plausible Claim.

When considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff in determining whether it alleges enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the Complaint filed in this action, the United States seeks to collect from Defendant penalties imposed pursuant to 31 U.S.C. § 5321(a)(5), commonly referred to as FBAR penalties.

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

The language of 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil monetary penalties against any person who violates any provision of 31 U.S.C. § 5314. Section 5321(a)(5) defines the amount of the penalties for such violations and contains differing penalty amounts for willful violations (at subsection 5321(a)(5)(C)) and for violations that are not willful (at subsection 5321(a)(5)(B)). Regulations promulgated under 31 U.S.C. § 5314 at 31 C.F.R. § 1010.350 *et seq.* generally require

> "Each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists and shall provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. 5314 to be filed by such persons. The form prescribed under section 5314 is the Report of Foreign Bank and Financial Accounts (TD-F 90-22.1), or any successor form."

The United States alleged in the Complaint facts specifically identifying seven bank accounts maintained in countries other than the United States during the years 2007, 2008, and 2009 in which Defendant had a financial interest and/or over which he had signatory or other authority. The Complaint alleged in detail Defendant's relationship to each of the accounts and the basis for his reporting requirement for each. Defendant's motion seeks to refute the factual allegations made by the United States by making allegations of fact none of which are supported by an affidavit or any other evidence. Furthermore, such allegations are improper in a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) as the allegations of the complaint are viewed in the light most favorable to Plaintiff. At some later time, Defendant may reduce his allegations to affidavits or testimony that might be proffered in support of a motion for summary judgment, but such unsupported allegations should play no part in consideration of the currently pending motion. In ruling on a Rule 12(b)(6) motion, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

Defendant's motion alleges that the United States failed to plead any elements of willfulness. (Dkt. No. 9 at p.8). For purposes of civil violations of Title 31, willful conduct requires the intentional violation of a known legal duty. *See, Ratzlaf v. United States,* 510 U.S. 135 (1994). "Willfulness may be proven through inference from conduct meant to conceal or mislead sources of income or other financial information," and "can be inferred from a conscious effort to avoid learning about reporting requirements." *United States v. Sturman,* 951 F.2d 1466, 1476 (6th Cir. 1991)(internal citations omitted)(noting willfulness standard in criminal conviction for failure to file an FBAR). Evidence that a taxpayer took steps to conceal income and financial information and also failed to pursue knowledge of the reporting requirements suggested on Schedule B is sufficient to establish willfulness on the part of the taxpayer. *Id.* In *United States v. Williams,* the Fourth Circuit held that the taxpayer was willful in the failing to comply with FBAR requirements when he signed, under penalty of perjury, a tax return that failed to disclose his interests in foreign accounts. 489 F. App'x 655, 659 (4th Cir. 2012). The *Williams* court noted that Line 7a of Schedule B of the Form 1040 puts a taxpayer "on inquiry notice of the FBAR requirement" and that a taxpayer who fails to read that line or fails to review the FBAR form or its instructions is "a conscious effort to avoid learning about the filing requirements." *Id.* In *United States v. McBride,* the court found that willfulness with respect to civil FBAR penalties may be evidenced by showing that a person recklessly disregarded a duty imposed on him by statute even if there is not a showing of improper motive or bad purpose. 908 F. Supp. 2d 1186, 1204.

  The Complaint contains very specific factual allegations that Defendant formed a shell entity in a foreign jurisdiction and opened accounts in the name of that entity at foreign banks, was the power of attorney for the shell entity, and had signatory authority over the foreign accounts in the name of the entity. Additionally, the complaint alleges that Defendant failed to report, on income tax returns filed with the Internal Revenue Service, income deposited into and income received from the foreign accounts for which FBAR reports were required. These

United States' Opposition to Motion to Dismiss and/or Transfer Venue
Case No. 2:16-cv-689-JLR

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

allegations, based upon the cases interpreting willfulness in the FBAR context, are sufficient to make a plausible showing of Defendant's intention to conceal the accounts and thus his willfulness in failing to file required FBAR reports.

In the event that the Court determines that the Complaint is lacking sufficiently detailed factual allegations in any respect, the United States respectfully requests the opportunity to amend the complaint to include additional specific factual allegations.

III. Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) Should be Denied.

Defendant requests that the Court transfer venue of this matter to the United States District Court for the District of Columbia. The only factor that Defendant cites as a basis for transferring venue is that he has been approached by an attorney, whose office is located in outside Toronto, Canada, who he would like to hire to represent him and that attorney is admitted in the District of Columbia, but not in the Western District of Washington.

The language of 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden rests with the moving party to show a transfer is warranted. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979). The decision to transfer is ultimately left to the sound discretion of the district court and must be made on an "individualized, case-by-case consideration of convenience and fairness," S*ee Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The statute has two requirements on its face: (1) that the [transferee district] is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice." *Amazon.com v. Cendant Corp.*, 404 F. Supp.

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

2d 1256, 1259 (W.D. Wash. 2005) (quoting 28 U.S.C. § 1404(a)). There is no dispute that this matter could have been brought in the District of Columbia pursuant to 28 U.S.C. § 1391(c)(3).

The Ninth Circuit employs a nine-factor balancing test to determine whether to transfer a case under § 1404(a). *Jones v. GNC Franchising*, 211 F.3d 495, 498 (9th Cir. 2000). The test balances the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, ... (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state. *Id*. at 498-99. "Because these factors cannot be mechanically applied to all types of cases," the court considers them "under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Amazon.com*, 404 F. Supp. 2d at 1259.

Applying these to the present case, factor number 1 is inapplicable in that there are no relevant agreements between the parties and is thus neutral. With respect to factor number 2, federal courts are equally equipped to apply the laws at issue as this matter involves only federal statutes making this factor neutral as well.

Factor number 3 weighs in favor of denying the motion to transfer. Courts in this district have affirmed that plaintiffs' choice of forum should be given great weight. E.g., *Nordquist v. Blackham*, No. C06–5433 FDB, 2006 WL 2597931, at *3 (W.D.Wash. Sept. 11, 2006) ("Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under § 1404(a) unless the 'convenience' and 'justice' factors tip strongly in favor of transfer.") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)); *Wang v. LB Intern. Inc.*, No. C04–2475JLR, 2005 WL 2090672, at *2 (W.D.Wash. Aug. 29, 2005) ("Courts usually will not disturb a plaintiff's choice of forum unless

United States' Opposition to Motion to Dismiss and/or Transfer Venue
Case No. 2:16-cv-689-JLR

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

the 'convenience' and 'justice' factors strongly favor venue elsewhere.") (citing *Securities Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir.1985)). The United States selected the Western District of Washington as the venue for this matter for numerous reasons. Among the reasons the Complaint was filed in this Court were the physical proximity to the Defendant's current residence in Vancouver, British Columbia, Canada, the fact that Defendant has maintained a mailing address within this district since at least June of 2009 which was in use for both personal and business correspondence through the time the Complaint was filed (See Dkt. No. 6 at ¶ 6 and exhibits thereto), and because, based upon information and belief, Defendant has regularly and frequently crossed the international border into this District for many years preceding the filing of the Complaint and presumably continues to do so.

Factor number 4 similarly weighs in favor of denial of the request to transfer. As stated above, Defendant has had regular and consistent contacts with this jurisdiction stretching back many years. The Defendant has cited no contacts at all with the District of Columbia. The United States as the plaintiff has equal contacts with all potential districts in which the action could have been filed, but if IRS witnesses with knowledge of the underlying examination and assessment of liability are required, those employees are located in California and possibly in Detroit, Michigan.

The contacts related to the underlying cause of action similarly do not favor the District of Columbia over the present Court. The FBAR forms that are at issue in this matter were required to be filed in Detroit, Michigan. The examination of the liability for Defendant's failure to file those forms was conducted by the Internal Revenue Service in California. The assessment of the penalties at issue also occurred in Detroit, Michigan. None of the actions related to the Defendant's failure to file the required forms, nor the administrative process for determining the liability occurred in the District of Columbia, nor in Seattle, Washington. As a result, factor number 5 is neutral and weighs against transfer.

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

Defendant has provided no analysis of the relative costs of conducting this case in Seattle versus Washington, D.C. Plaintiff believes that the costs would be very similar in the event that the matter requires a trial. The venue of the action will make little, if any difference, in the costs of discovery. Factor 6 is thus also neutral.

To the extent that there are non-party witnesses who will be required to testify in this matter, the representatives of foreign banks and business entities appear to all be located outside of the United States and therefore subject to compulsory process by neither this Court nor the District Court for the District of Columbia. The records reflecting Defendant's financial interests in such accounts and authority over them would likewise be outside of the United States and thus equally available regardless of the venue. As a result, factors 7 and 8 are neutral.

There does not appear to be any public policy considerations in the State of Washington to indicate that venue should be retained to determine Defendant's liability for federally imposed civil penalties for failure to file required FBAR reports. Equally, there do not appear to be any indicia that would indicate that Washington, D.C. has significant public policy interests in having the case determined in that jurisdiction either.

As the burden of proof is on the moving party and the only non-neutral factors weigh in favor of denying the requested transfer, the motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be denied.

WHEREFORE, the United States respectfully requests:

1. That Defendant's Motion to Dismiss for Improper Venue under Fed. R. Civ. Pro. 12(b)(3) be denied,

2. That Defendant's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6) be denied, or in the alternative, in the event that the Court finds the Complaint lacking in any specific factual allegations, that United States be granted leave to amend the Complaint to provide additional detailed factual allegations,

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

8

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

3. That Defendant's Motion to Transfer Venue pursuant top 28 U.S.C.§ 1404(a) be denied, and

4. Such other and further relief as may be warranted.

Respectfully submitted this 24st day of April, 2017.

                DAVID A. HUBBERT
                Acting Assistant Attorney General

                */s/ Paul T. Butler* .
                PAUL T. BUTLER
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 683
                Washington, D.C. 20044

                Of Counsel:

                ANNETTE L. HAYES
                U.S. Attorney

United States' Opposition to Motion to Dismiss and/or Transfer Venue
Case No. 2:16-cv-689-JLR

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2017, I filed the foregoing United States' Response in Opposition to Defendant's Motion using the court's ECF system which caused a copy to be electronically served on all other parties to this action.

      /s/ *Paul T. Butler*
PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

United States' Opposition to Motion to Dismiss
and/or Transfer Venue
Case No. 2:16-cv-689-JLR

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170