# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY P. POMERANTZ,<br><br>Defendant. | CASE NO. 2:16-cv-00689-JLR<br><br>DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404<br><br>NOTE ON MOTION CALENDAR:<br><br>FRIDAY APRIL 28, 2017 |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO**

**DISMISS PLAINTIFF'S COMPLAINT**

**AND/OR MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404**

The United States seeks to collect $860,300.35 in penalties for failure to file a Federal Bank Account Reporting Form (FBAR). The defendant moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(3), and 12(b)(6), and 28 U.S.C §1404. The arguments the United States raised in opposition are insufficient to save their claims. The complaint, therefore, should be dismissed.

-1-

# **ARGUMENT**

## **I. The Complaint Should Be Dismissed for Improper Venue Under Rule 12(b)(3).**

The Plaintiff correctly asserted that they correctly could have been proper in any jurisdiction, but did not plead properly the correct venue selection as it was based on no reasonable connection with that district. The United States it appears is purposely chosing this venue to inconvenience the defendant as itself has no fundamental reason for picking this district.

## **II. Because the United States is not entitled to relief on any of their claims, the complaint must be dismissed under Rule 12(b)(6)**

Even if the Complaint were not barred by improper venue, it would nevertheless warrant dismissal under Rule 12(b)(6).

Under Rule 12(b)(6), a complaint must be dismissed if, based on the allegations stated in the complaint, the plaintiff is not entitled to the relief sought either as a matter of fact or law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (200). The basis for the Government's allegations are formed from a series of incorrect facts and assumptions, which even if true, do not give rise to the elements required under legislation to assess this penalty. Namely, that there be a determination of willful violation of the reporting law. The attached affidavit from the Defendant more clearly outlines the mistake of fact in the Government's allegations which would not meet a claim for which relief can be granted.

### III. Defendants Motion to Transfer Venue

The Plaintiff identifies 9 factors that weigh in a Courts determination to transfer venue in the 9th Circuit. The United States is basing their insistence to hold this trial in Washington based on factors 3 and 4. Factor 3 relates to the Plaintiffs choice of forum and factor 4 relates to the party's contacts with the forum. The Plaintiff has provided no evidence as to why it is insistent on having the trial in Washington State and why that is its particular choice of forum (Factor 3). The plaintiff does know that the defendant would have no representation in Washington State and may not be in the best position to defend the case, which would seriously prejudice the Defendant and give an unfair advantage to the Plaintiff.

As to the Factor 4 contact test, the defendant had no extraordinary contact with the State. As on the attached affidavit, the United States is basing this perceived contact without significant investigation in to the veracity of its claims. The United States on its own asserts the possibility that there may be other states with more contact. Changing the venue would have no effect on the Plaintiff's case or ability to prosecute, but not changing the venue would have serious prejudicial implications for the defendant.

### Conclusion

For all the foregoing reasons, as well as those set forth in the Defendant's opening motion, the United States' complaint should be dismissed with prejudice for improper venue, or for failure to state a claim upon which relief can be granted. In the alternative the venue should be changed to the District of Columbia

Dated this 28th day of April, 2017

/s/ Jeffrey P. Pomerantz

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017 a true copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404 was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Paul Butler

Trial Attorney, Tax Division

U.S. Department of Justice

P.O. Box 683

Washington DC. 20044

*Counsel for Plaintiff United States of America*

/s/ Jeffrey P. Pomerantz

*Pro se*