DAVID A. HUBBERT
Acting Assistant Attorney General

PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
United States Attorney

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cv-689-JLR |
| Plaintiff, ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| v. ) | |
| ) | |
| JEFFREY P. POMERANTZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

In accordance with the Court's Order dated June 8, 2017 (Dkt. No. 16 at p. 17) granting leave to amend the Complaint filed in this action, the plaintiff United States of America, with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States, brings this action to collect from the defendant outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as FBAR

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

1

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

penalties, which were assessed against Jeffrey P. Pomerantz, for his failure to timely report his financial interest in, and/or his signatory or other authority over, foreign bank accounts for the 2007, 2008, and 2009 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance due to the United States of America of $860,300.35 as of the date of the filing of the original Complaint in this matter.  In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. At all times relevant to the matters at issue, Defendant Jeffrey P. Pomerantz ("Pomerantz") was a United States citizen and remains a United States citizen.

3. Pomerantz is currently a resident of Vancouver, British Columbia, Canada.

4. Venue is proper under 28 U.S.C. § 1391.

**Background Regarding Foreign Bank Accounts of Jeffrey P. Pomerantz**

5. Pomerantz has had a longstanding banking relationship with Canada Imperial Bank of Commerce ("CIBC"), with at least two personal checking accounts, with account numbers ending in 735 and 439, that were opened prior to January 1, 2001 and were still active and open for all years at issue in this case ("CIBC Accounts").

6. In 2003, Pomerantz formed a corporation in the Turks and Caicos Islands named Chafford Limited and retained full powers to exercise any and all rights to act on behalf of the entity including all banking and investment authority.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

7. Upon information and belief, Chafford Limited conducted no active business, but was a shell entity used to hold and manage Pomerantz' personal investments.

8. In 2003, Pomerantz opened two accounts with Sal Oppenheim JR & CIE (Schweiz) AG (Switzerland), with account numbers ending in 5000 and 5100, titled "Chafford Ltd. Grand Turk" ("Grand Turk Oppenheim Accounts").

9. In 2003 Pomerantz opened one account with Sal Oppenheim JR & CIE (Schweiz) AG (Switzerland), with an account number ending in 20000, titled "Chafford Ltd./Portfolio Management" ("2003 Oppenheim Portfolio Account").

10. In 2007 Pomerantz opened two additional accounts with Sal Oppenheim JR & CIE (Schweiz) AG (Switzerland), with account numbers ending in 23000 and 25000, titled "Chafford Ltd./Portfolio Management" ("2007 Oppenheim Portfolio Accounts").

11. During each of the years at issue in this case, Pomerantz was the attorney in fact for Chafford Limited, had a financial interest in, and/or had signatory or other authority over the accounts at Sal Oppenheim identified in paragraphs 8 through 10, above.

12. The Internal Revenue Service ("IRS") commenced an income tax examination of Pomerantz in January 2010.

13. Prior to the commencement of the income tax examination, Pomerantz did not file a Treasury Form TD F 90-22.1 ("FBAR") for calendar years 2007, 2008 or 2009 to disclose the existence of any foreign accounts for those years.

14. For the calendar years 2000, 2001, 2002, and 2005, Pomerantz timely filed FBAR forms reporting his interest in several foreign bank accounts.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

15. On the FBARs that he filed for calendar years 2001, 2002, and 2005, Pomerantz reported his interests in the CIBC accounts that are identified in paragraph 5, above.

16. On the FBAR that he filed for each of the calendar years 2001, 2002, and 2005, with respect to the CIBC account number ending in 439 Pomerantz reported that the maximum balance in the account during each of those years was "under $10,000" and with respect to the CIBC account number ending in 735 Pomerantz reported the maximum balance in the account during each of those years was "$10,000 to $99,999".

17. During calendar year 2007, the maximum account balance in the CIBC account ending in 439 exceeded $25,000 and the maximum account balance in the CIBC account ending in 735 exceeded $950,000, both amounts higher than the maximum account balances that Pomerantz had reported for those accounts on his 2001, 2002, and 2005 FBARs.

18. During calendar year 2008, the maximum account balance in the CIBC account ending in 439 exceeded $400,000, an amount higher than the maximum account balance that Pomerantz had reported for the account on his 2001, 2002, and 2005 FBARs.

19. During calendar year 2009, the maximum account balance in the CIBC account ending in 439 exceeded $560,000 and the maximum account balance in the CIBC account ending in 735 exceeded $115,000, both amounts higher than the maximum account balances that Pomerantz had reported for those accounts on his 2001, 2002, and 2005 FBARs.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

**Claim for Relief: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty for 2007*

20. During the 2007 calendar year, Pomerantz was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

21. During calendar year 2007, Pomerantz had a financial interest in, and/or signatory or other authority over, the CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts, within the meaning of 31 C.F.R. § 103.24.

22. The CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts were all bank accounts in a foreign country.

23. During the 2007 calendar year, the balance in each of the CIBC Accounts, the Grand Turk Oppenheim Accounts, and the 2007 Oppenheim Account ending in 25000, exceeded $10,000.00.

24. Pomerantz failed to file an FBAR with regard to the 2007 calendar year on or before June 30, 2008, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

25. Pomerantz was aware of his obligation to file an FBAR report for 2007 each of the foreign accounts noted above.

26. Pomerantz failed to include a Schedule B with the 2007 income tax return he filed with IRS and he failed to report both income generated by and income deposited into the foreign accounts identified in paragraph 21, above, on the 2007 income tax return he filed with the IRS.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

27. In case number 25058-15 before the United States Tax Court, Pomerantz stipulated to entry of a decision including a tax deficiency and civil fraud penalty under 26 USC § 6663 with respect to his 2007 United States income tax liability.

28. Both the deficiency and the fraud penalty for the 2007 tax year to which Pomerantz stipulated in the United States Tax Court case were based at least in part on income generated by and/or income deposited into the foreign accounts identified in paragraph 21, above, that were not disclosed on Pomerantz' 2007 income tax return.

29. The failure of Pomerantz to timely file the FBAR with regard to the 2007 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

**Assessment and Collection of the Civil Penalty for 2007**

30. On May 16, 2014, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Pomerantz to timely file the 2007 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Pomerantz, in the amount of $400,000.00, due to the willful failure of Pomerantz to disclose the CIBC Accounts, the Grand Turk Oppenheim Accounts, and the 2007 Oppenheim Portfolio Account with an account number ending in 25000 ("2007 FBAR Penalty").

31. A delegate of the Secretary of the Treasury sent Pomerantz notice of the assessment of the 2007 FBAR Penalty and demand for payment.

32. In addition to the assessed 2007 FBAR Penalty, Pomerantz, owes a late-payment penalty for 2007 pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) in the amount of $46,055.14, as of the date of the original Complaint filed in this matter.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

6

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

33. In addition to the 2007 FBAR Penalty and the late-payment penalty for 2007 described in the previous paragraph, Pomerantz owes accrued interest for 2007 in the amount of $8,032.88 as of the date of the original Complaint filed in this matter.

34. Pomerantz is liable to the United States of America for the 2007 FBAR Penalty, as well as associated penalties and interest, in the total amount of $454,088.02 as of the date of the original Complaint filed in this matter, plus statutory accruals from that date until the liability is paid in full.

35. This civil action to collect the 2007 FBAR Penalty, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of the date on which the penalty was assessed, May 16, 2014.

*Liability for the Civil Penalty for 2008*

36. During the 2008 calendar year, Pomerantz was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

37. During calendar year 2008, Pomerantz had a financial interest in, and/or signatory or other authority over, the CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts, within the meaning of 31 C.F.R. § 103.24.

38. The CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts were all bank accounts in a foreign country.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

7

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

39. During the 2008 calendar year, the balance in each of the CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Accounts exceeded $10,000.00.

40. Pomerantz failed to file an FBAR with regard to the 2008 calendar year on or before June 30, 2009, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

41. Pomerantz was aware of his obligation to file an FBAR report for 2008 for each of the foreign accounts noted above.

42. Pomerantz failed to include a Schedule B with the 2008 income tax return he filed with IRS and he failed to report both income generated by and income deposited into the foreign accounts identified in paragraph 37, above, on the 2008 income tax return he filed with the IRS.

43. In case number 25058-15 before the United States Tax Court, Pomerantz stipulated to entry of a decision including a tax deficiency and civil fraud penalty under 26 USC § 6663 with respect to his 2008 United States income tax liability.

44. Both the deficiency and the fraud penalty for the 2008 tax year to which Pomerantz stipulated in the United States Tax Court case were based at least in part on income generated by and/or income deposited into the foreign accounts identified in paragraph 37, above, that were not disclosed on Pomerantz' 2008 income tax return.

45. The failure of Pomerantz to timely file the FBAR with regard to the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

*Liability for the Civil Penalty for 2009*

46. During the 2009 calendar year, Pomerantz was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

47. During calendar year 2009, Pomerantz had a financial interest in, and/or signatory or other authority over, the CIBC Accounts and the Grand Turk Oppenheim Accounts, within the meaning of 31 C.F.R. § 103.24.

48. The CIBC Accounts and the Grand Turk Oppenheim Accounts were all bank accounts in a foreign country.

49. During the 2009 calendar year, the balance in each of the CIBC Accounts and the Grand Turk Oppenheim Accounts exceeded $10,000.00.

50. Pomerantz failed to file an FBAR with regard to the 2009 calendar year on or before June 30, 2010, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

51. Pomerantz was aware of his obligation to file an FBAR report for 2009 for each of the foreign accounts noted above.

52. Pomerantz failed to include a Schedule B with the 2009 income tax return he filed with IRS and he failed to report both income generated by and income deposited into the foreign accounts identified in paragraph 47, above, on the 2009 income tax return he filed with the IRS.

53. In case number 25058-15 before the United States Tax Court, Pomerantz stipulated to entry of a decision including a tax deficiency and civil fraud penalty under 26 USC § 6663 with respect to his 2009 United States income tax liability.

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

9

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

54. Both the deficiency and the fraud penalty for the 2009 tax year to which Pomerantz stipulated in the United States Tax Court case were based at least in part on income generated by and/or income deposited into the foreign accounts identified in paragraph 47, above, that were not disclosed on Pomerantz' 2009 income tax return.

55. The failure of Pomerantz to timely file the FBAR with regard to the 2009 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

***Assessment and Collection of the Civil Penalty for 2008 and 2009***

56. On March 11, 2015, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Pomerantz to timely file the 2008 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Pomerantz, in the amount of $225,000.00, due to the willful failure of Pomerantz to disclose the CIBC Accounts, the Grand Turk Oppenheim Accounts, the 2003 Oppenheim Portfolio Account, and the 2007 Oppenheim Portfolio Accounts ("2008 FBAR Penalty").

57. A delegate of the Secretary of the Treasury sent Pomerantz notice of the assessment of the 2008 FBAR Penalty and a demand for payment.

58. On March 11, 2015, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i) and within 6 years of the failure of Pomerantz to timely file the 2009 FBAR, a delegate of the Secretary of the Treasury assessed a civil penalty against Pomerantz, in the amount of $150,000.00, due to the willful failure of Pomerantz to disclose the CIBC Accounts and the Grand Turk Oppenheim Accounts ("2009 FBAR Penalty").

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

1  59. A delegate of the Secretary of the Treasury sent Pomerantz notice of the
2      assessment of the 2009 FBAR Penalty and a demand for payment.
3  60. In addition to the 2008 FBAR Penalty and the 2009 FBAR Penalty, Pomerantz,
4      owes a late-payment penalty for 2008 and 2009 pursuant to 31 U.S.C.
5      § 3717(c)(2) and 31 C.F.R. § 5.5(a) in the amount of $26,753.43, as of the date of
6      the original Complaint filed in this matter.
7  61. In addition to the 2008 FBAR Penalty and 2009 FBAR Penalty and the late-
8      payment penalty for 2008 and 2009 described in the previous paragraph,
9      Pomerantz owes accrued interest for 2008 and 2009 in the amount of $4,458.90 as
10     of the date of the original Complaint filed in this matter.
11 62. Pomerantz is liable to the United States of America for the 2008 FBAR Penalty
12     and 2009 FBAR Penalty, as well as associated penalties and interest, in the total
13     amount of $406,212.33 as of the date of the original Complaint filed in this
14     matter, plus statutory accruals from that date until the liability is paid in full.
15 63. This civil action to collect the 2008 FBAR Penalty and 2009 FBAR Penalty, and
16     the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2),
17     because it is filed within two years of the date on which the penalty was assessed,
18     March 11, 2015.
19 WHEREFORE, the plaintiff United States of America demands that this Court:
20 (a) Enter judgment in favor of the plaintiff United States of America and against the
21     defendant, for the FBAR penalties assessed against Jeffrey P. Pomerantz with regard to
22     the 2007, 2008, and 2009 reporting periods, as well as associated penalties and interest, in
23

First Amended Complaint
(Case No. 2:16-cv-689-JLR)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

the total amount of $860,300.35 as of the date of the original Complaint filed in this matter, plus statutory accruals from that date until fully paid; and,

(b) Award the United States of America its costs, and such further relief as the Court deems just and proper.

Dated:   June 23, 2017

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General


/s/  Paul T. Butler
PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
United States Attorney

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2017, I filed the foregoing United States' Amended Complaint using the court's ECF system, which caused a copy to be electronically served on all other parties to this action.

      /s/ *Paul T. Butler*
PAUL T. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

First Amended Complaint
(Case No. 2:16-cv-689-JLR )

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170