|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 9                                    AT SEATTLE

10      UNITED STATES OF AMERICA,           CASE NO. C16-689 MJP

11                         Plaintiff,       ORDER DENYING MOTION TO
                                            DISMISS
12          v.

13      JEFFREY P POMERANTZ,

14                         Defendant.

15
```

The Court, having received and reviewed:

1. Defendant's Motion to Dismiss for Failure to State a Claim and/or Lack of Personal Jurisdiction and/or to Strike Amended Complaint (Dkt. No. 19);

2. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint (Dkt. No. 21);

all attached declarations and exhibits; and relevant portions of the records, rules as follows:

IT IS ORDERED that the motion to dismiss is DENIED.

ORDER DENYING MOTION TO DISMISS - 1

1    IT IS FURTHER ORDERED that the motion to strike portions of the amended complaint
2    is DENIED.

### Nature of case

The United States brings this action to collect civil penalties assessed against Defendant Jeffrey Pomerantz for failing to timely report his financial interest in foreign bank accounts during the years 2007 through 2009.  Defendant allegedly owes $860,300.35 in penalties.

### Nature of motion

Mr. Pomerantz brings a motion (1) to dismiss the amended complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); or (2) failure to state a claim under Rule 12(b)(6), and; (3) to strike portions of the amended complaint under Rule 12(f).  Mr. Pomerantz also argues the amended complaint is barred by the doctrines of res judicata and collateral estoppel.

### Background

On May 13, 2016, the United States filed a complaint against Mr. Pomerantz, seeking to collect civil penalties for Defendant's alleged failure to timely file a Treasury Form TD F 90-22.1 ("FBAR Form") reporting his interest in foreign bank accounts on his annual United States tax filings during the years 2007 through 2009.  Mr. Pomerantz is a United States citizen currently residing in British Columbia, Canada.  Dkt. # 17 ("Amend. Compl."), ¶ 2-3; Dkt. # 19 at 2.

The foreign bank accounts at issue in this action include both Mr. Pomerantz's personal accounts—two checking accounts opened with the Canada Imperial Bank of Commerce ("CIBC Accounts")—and accounts opened by Chafford Limited (five accounts with Sal Oppenheim JR

& CIE AG in Switzerland; "Chafford Limited Accounts"). *Id*. ¶¶ 5, 8-10. The Government alleges that Chafford Limited is a corporation formed in the Turks and Caicos Islands that conducted no active business, but was simply a shell company used to hold and manage Mr. Pomerantz's personal investments. Amend. Compl. ¶ 7.

On June 8, 2017, the Government's first complaint was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. Dkt. # 16. The Court, the Honorable James L. Robart presiding, held that the Government did not sufficiently allege that Mr. Pomerantz acted "willfully" in his failure to file FBAR Forms regarding his personal, CIBC, checking accounts. In particular, there were no allegations in the original complaint that Mr. Pomerantz had actual or constructive knowledge of the duty to file FBAR Forms for the CIBC accounts, which were opened in Defendant's name, not the name of his company. *Id*. at 14-15.

At the same time, the Court found that the complaint contained sufficient facts to support an inference that Mr. Pomerantz intended to evade the foreign bank account reporting requirement by creating foreign bank accounts in the name of Chafford Limited, an alleged shell company. *Id*. at 14.

On June 23, 2017, the Government filed an amended complaint, alleging the same facts regarding the Chafford Limited accounts, and alleging additional facts in support of the inference that Defendant willfully failed to report his personal CIBC accounts. Mr. Pomerantz now brings a motion (1) to dismiss the amended complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); or (2) failure to state a claim under Rule 12(b)(6), and; (3) to strike portions of the amended complaint under Rule 12(f). Mr. Pomerantz also argues the amended complaint is barred by the doctrines of res judicata and collateral estoppel.

1
2
3

**Discussion/Analysis**

a. *Personal Jurisdiction*

4 As an initial matter, Mr. Pomerantz argues that the Court lacks personal jurisdiction over him because he does not have the requisite "minimum contact" with this forum. Dkt. # 19 at 3. However, because Mr. Pomerantz failed to raise lack of personal jurisdiction at the first available opportunity, he has waived the defense. Fed. R. Civ. P. 12(h)(1) (if a party fails to raise a challenge to personal jurisdiction in a preliminary Rule 12 motion or its first responsive pleading, such challenge is waived). As noted in the Court's June 8, 2017 Order granting Mr. Pomerantz's motion to dismiss, Mr. Pomerantz failed to raise the defense of personal jurisdiction in his first Rule 12 motion. Dkt. # 16 at 2 n.2. "Personal jurisdiction . . . represents a restriction on judicial power . . . as a matter of individual liberty." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). "Therefore, a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority." *Id.*; *see also American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106-07 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived.").

b. *Failure to State a Claim*

Mr. Pomerantz next moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Dkt. # 19 at 3-5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

1   U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows

2   the court to draw the reasonable inference that the defendant is liable for the conduct alleged."

3   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 545).  "In sum, for a complaint to survive a

4   motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

5   content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United*

6   *States Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009).

7         In this case, to survive the motion to dismiss, the Government is required to plead facts

8   supporting a reasonable inference that (1) Mr. Pomerantz was a "U.S. Person," who (2) had an

9   interest in or authority over the subject foreign accounts, which (3) had an aggregate value of

10  $10,000.00 or more, and (4) that he willfully failed to file an FBAR Form for the accounts.  31

11  U.S.C. § 5321(a)(5); *see also* 31 C.F.R. § 1010.350; *United States v. Toth*, No. 15-CV-13367-

12  ADB, 2017 WL 1703936, at *4 (D. Mass. May 2, 2017) (using the elements of C.F.R.

13  § 1010.350 as elements of an action to reduce to judgment a civil FBAR penalty).

14        The first three of these elements were addressed in the Court's June 8, 2017 order.  Dkt.

15  # 16.  Mr. Pomerantz is a U.S. Citizen, the Court previously held that the Government plausibly

16  alleged Mr. Pomerantz had a "financial interest" in the CIBC Accounts and "other financial

17  interest" in the Chafford Limited Accounts, and both sets of accounts were foreign.  *Id*. at 11 n.4,

18  12-13.  The allegations supporting these elements are repeated in the amended complaint**.**

19  Amend. Compl., ¶¶ 2, 5-11.  The Court's previous order also found the allegations regarding the

20  Chafford Limited Accounts—but not the CIBC Accounts—were sufficient to support an

21  inference that Mr. Pomerantz willfully failed to disclose those accounts.  Dkt. # 16 at 14 ("The

22  [C]ourt can plausibly infer an intent to evade the foreign bank account reporting requirement

23

24

1 | based on the creation of foreign bank accounts in the name of a shell company."). These

2 | allegations are also repeated in the amended complaint. Amend. Compl., ¶¶ 6-7.

3 | At issue in the instant motion, therefore, is whether the Government adequately alleged

4 | that Mr. Pomerantz acted willfully in failing to disclose income from his CIBC Accounts.

5 | Generally, a "willful" failure for purposes of the Bank Secrecy Act is "an intentional violation of

6 | a known legal duty to report." *Ratzlaf v. United States*, 510 U.S. 135, 154 n.5 (1994); *see also*

7 | *United States v. Zwerner,* No. 13-22082-CIV, 2014 WL 11878430, at *3, n.3 (S.D. Fla. Apr. 29,

8 | 2014) (adopting the *Ratzlaf* definition for civil FBAR penalties); *accord* IRS CCA 200603026,

9 | 2006 WL 148700 at *1-2 (Jan. 20, 2006) (An IRS chief counsel advisory opinion addressing in

10 | part the definition of "willful" FBAR reporting violations.). A willful failure to file an FBAR

11 | Form requires proof that "the defendant acted with knowledge that his conduct was unlawful,"

12 | meaning he intentionally violated "a known legal duty." *Ratzlaf v. United States*, 510 U.S. 135,

13 | 137 (1994).

14 | In its amended complaint, the Government alleges that Mr. Pomerantz filed timely FBAR

15 | Forms, reporting his interest in the CIBC accounts for the years 2001-2002, and again in 2005.

16 | Amend. Compl. ¶ 14. This allegation is sufficient to demonstrate that Mr. Pomerantz understood

17 | the reporting requirements regarding the CIBC accounts long before 2007, the first year that the

18 | Government alleges Mr. Pomerantz willfully failed to report his income in these accounts. The

19 | Government's other allegations—that Mr. Pomerantz signed tax returns in the years 2007

20 | through 2009, and reported income from the CIBC accounts when that income was less

21 | significant, but failed to report higher maximum account balances—support the inference that

22 | Mr. Pomerantz acted with knowledge that his conduct was unlawful. *Id.* ¶¶ 17-19, 26, 42, 52;

23 | *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 05 (D. Utah 2012)) (inferring willfulness

24 |

from the taxpayer's signature on his tax returns indicating constructive knowledge of relevant tax statutes); *United States v. Williams*, 489 Fed.Appx. 655, 659 60 (4th Cir. 2012) (finding willful blindness and reckless conduct after a taxpayer had signed his tax return and was on inquiry notice of the FBAR reporting requirement but nonetheless failed to file). The Government's amended complaint therefore pleads sufficient factual content to allow the Court to draw the reasonable inference that the defendant willfully failed to file FBAR Forms for the CIBC Accounts. *See Iqbal*, 556 U.S. at 678.

While Mr. Pomerantz's main argument for dismissal concerns the sufficiency of the Government's allegations, Mr. Pomerantz also argues that there is insufficient evidentiary support for Plaintiff's allegations. *See, e.g.*, *id*. at 4 ("The amended claim makes claims which are improper and have no evidentiary support . . . ."). However, the issue before the Court on a Rule 12(b)(6) motion "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). Mr. Pomerantz's arguments regarding the sufficiency of the Government's evidence are not appropriately before the Court at this time.

c. *Motion to Strike Under Federal Rule of Civil Procedure 12(f)*

Mr. Pomerantz also moves to strike portions of the amended complaint that refer to "an unrelated tax court case" pursuant to Federal Rule of Civil Procedure 12(f). Dkt. # 19 at 7-8. Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An allegation is impertinent or immaterial if it "ha[s] no possible relationship to the controversy," and scandalous if it "reflect[s] cruelly upon the [other party's] moral character, use[s] repulsive language, or detract[s] from the dignity of the court." *Lawrence v. City of*

*Bethlehem*, No. Civ.A. 97-CV-1824, 1998 U.S. Dist. LEXIS 17660, at *11–12 (quoting *Khalid Bin Talal Etc. v. E.F. Hutton & Co.*, 720 F.Supp. 671, 686 (N.D.Ill.1989)). "Motions to strike are disfavored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Harper v. Collection Bureau of Walla Walla, Inc.*, C06-1605-JCC, 2007 WL 4287293, at *3 (W.D. Wash. Dec. 4, 2007) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal.1991)).

> The following paragraphs in the amended complaint refer to the tax court case:
>
> In case number 25058-15 before the United States Tax Court, Pomerantz stipulated to entry of a decision including a tax deficiency and civil fraud penalty under 26 USC § 6663 with respect to his [2007-2009] United States income tax liability.
>
> Both the deficiency and the fraud penalty for the [2007-2009] tax year[s] to which Pomerantz stipulated in the United States Tax Court case were based at least in part on income generated by and/or income deposited into the foreign accounts identified in paragraph 21, above, that were not disclosed on Pomerantz' [2007-2009] income tax return[s].

Amend. Compl. ¶¶ 27-28, 43-44, 53-54.

Mr. Pomerantz argues that the Government has not demonstrated the relevance of the tax case, and therefore included these paragraphs in the pleadings solely to discredit him. *Id*. at 7. The Government counters that Mr. Pomerantz's admission in the tax court case of "fraudulent intent" in failing to report income generated by these accounts is "certainly probative of [his] state of mind." Dkt. # 21 at 9. The Government has the better argument; Mr. Pomerantz's tax court admissions are directly relevant to the willfulness of his failure to file the FBAR Forms.

Moreover, Mr. Pomerantz has not described any prejudice caused by the offending paragraphs. "[M]otions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Moussouris v. Microsoft Corp.*, C15-1483JLR, 2016 WL 4472930, at *3 (W.D. Wash. Mar. 7, 2016) (quoting *Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C

04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004). "This demanding standard leads district courts in the Ninth Circuit to disfavor motions to strike . . . ." *Id*. Given that Mr. Pomerantz's admissions in the tax case are relevant to his state of mind and he has not demonstrated any prejudice, Mr. Pomerantz's Rule 12(f) motion is denied.

 *d. Res Judicata and Collateral Estoppel*

  Finally, Mr. Pomerantz argues that the doctrines of res judicata and collateral estoppel apply to bar the Plaintiff's amended complaint because it raises the same claims and issues that were raised in the original complaint filed in this case. Dkt. # 19 at 5. In turn, the Government correctly argues that neither res judicata nor collateral estoppel apply here because both doctrines preclude re-litigating issues that were disposed of in a final judgment, and there has been no final judgment in this matter. Dkt. # 21 at 7; *see also See* Dkt. # 16 (June 8, 2017 Order dismissing complaint and granting leave to amend).

  "Res judicata applies as between separate actions, not within the confines of a single action on trial or appeal." 18 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 4404 (3d ed. 2017). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *United States v. Romeo*, 114 F.3d 141, 143 (9th Cir. 1997) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

  A dismissal without prejudice is not a final judgment on the merits. *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1113 n. 1 (9th Cir. 1999); *see also Bamgbose v. Delta T Grp., Inc.*, 724 F. Supp. 2d 510, 519 (E.D. Pa. 2010) ("Res judicata and collateral estoppel are not triggered when a court decides something without prejudice; rather, they require final judgments."); *Ahler v. City of New York*, No. 93-0056 (SS), 1993 WL 362404,

at *2 (S.D.N.Y. Sept. 13, 1993) ("Dismissal without prejudice averts the possibility of detrimental res judicata and collateral estoppel effects."). Given that both res judicata and collateral estoppel require a final judgment, and there was no such judgment in this case, Mr. Pomerantz's argument that the amended complaint is barred by these doctrines is wholly without merit.

## Conclusion

Ultimately, none of Mr. Pomerantz's arguments in the instant motion are persuasive or supported by the law.  Mr. Pomerantz waived his personal jurisdiction defense by failing to raise it in his first Rule 12 motion, the Government pled sufficient facts to support an inference that Mr. Pomerantz willfully failed to file FBAR Forms for his CIBC Accounts, the paragraphs regarding Mr. Pomerantz's tax court case are relevant to this action, and the doctrines of res judicata and collateral estoppel do not bar an amended complaint, especially where the court granted leave to amend.  Mr. Pomerantz's motion is therefore DENIED.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Dated: October 5, 2017.

Marsha J. Pechman
United States District Judge